## Leasure *against* Mahoning Township.

| 8 W | 551 |
| 202 | ¹252 |

The jurisdiction of township auditors extends only to the accounts of the township for the preceding year; and, therefore, no act of theirs in relation to the accounts of previous supervisors have any validity, and cannot be given in evidence in an action against the township.

The statute of limitation does not extinguish a debt, but only bars the remedy for its collection; hence it forms no bar to the recovery of a claim for which the party had no right of action.

ERROR to a special court for *Indiana* county.

John Leasure against Mahoning and Montgomery townships, in Indiana county. The plaintiff having been the supervisor of the said township for the years 1819 and 1821, his accounts were settled by the auditors each year, and a balance was found to be due the plaintiff, for which this suit was brought, by authority of a special act of assembly, passed the 16th of June, 1836. On the

[Leasure v. Mahoning Township.]

trial the plaintiff gave in evidence the settlements of his accounts, and then offered in evidence a settlement of them again by the auditors for the year 1831. This was objected to on the ground, that the auditors of 1831 had no authority to examine or allow the accounts for the years 1819 and 1821, and the court rejected the offer and sealed a bill of exceptions. The court below instructed the jury that the statute of limitations was a bar to the plaintiff's recovery.

The rejection of the evidence and this direction to the jury were the errors assigned.

*W. Banks* and *Coulter*, for plaintiff in error.
*Buffington*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The first error is a bill of exceptions, taken to the opinion of the court, rejecting the report of the auditors of Mahoning township, appointed for the year 1831, of their having, at the request of the plaintiff, examined orders drawn in his favour for balances due to him as supervisor of the said township in the years 1819 and 1821, and of their having thereupon found certain balances to be still due thereon to him. The court, in our opinion, decided correctly in refusing to admit this evidence. The auditors of 1831 had no authority, under the acts of assembly passed in this behalf, to examine and pass upon the plaintiff's claims. Their business was to examine and settle the accounts of the supervisors for the year which had just expired. The plaintiff's claims had been examined and adjusted by the auditors duly appointed for that purpose, in the years in which they accrued; and no board of auditors appointed for any subsequent year could take cognizance of them for any purpose, either for renewing or avoiding them. The two remaining errors are exceptions to the charge, delivered by the court to the jury, instructing them that the plaintiff's claim was barred by the statute of limitations. In this we think the court erred, because the claim of the plaintiff is not embraced by that statute. It does not, and it never was intended that it should, apply to claims, for the recovery of which the party entitled thereto could not maintain an action. The statute does not extinguish the debt or claim, it only forms a bar to the remedy of the party to recover it by action: but it is perfectly clear that if the right to maintain an action for it were never vested in him, the statute can be no bar to it, because it would be contrary to reason to hold that the statute operated upon and took that away which never existed; or in other words, deprived the party of a right which he never had, until the act of 1836 was passed for the special purpose of investing with such right. Since he has thus been enabled to bring and maintain his action, no time appears to have been lost on his part, nor room left for the statute to intervene.

Judgment reversed, and a *venire de novo* awarded.