## RICHTER *v.* PENN TOWNSHIP.

Where the accounts of a county treasurer of the school-fund have not been previously audited, the auditors are not confined to his accounts for the year preceding the settlement.

Where the treasurer has paid money upon orders not regularly attested, he is bound to show there was a good consideration for the payment.

IN error from the Common Pleas of Union.

*Aug.* 1. The questions in this cause were, 1st, Whether the county auditors could examine the accounts of the treasurer of the school-fund for more than the previous year, where the accounts of prior years had never been audited. 2d, The defendant had paid an order signed by the president of the board of school directors, but not attested by the secretary. Part of the consideration was the price of certain stoves. The court said, the order being informal, the defendant must show the consideration, and if the board had contracted for the stoves at the price paid, the defendant was discharged without regard to their value; but if they had not contracted, he was protected only to the extent of their value.

The defendant sued out this writ of error.

*Casey* and *Jordan*, for plaintiff in error.

*Miller* and *Bellas*, contrà.

*Aug.* 4. BURNSIDE, J.—We think the course pursued in this case by the Common Pleas was judicious and well calculated to administer justice between the parties. Richter was treasurer of the school-fund for the district of Penn township, from 1844 to 1846, both inclusive : during all that period he received all moneys belonging to the school district, whether the same was derived from appropriations by the state, district taxes, or otherwise. He paid out money on orders, but he totally neglected to prepare his annual accounts, or to have his accounts audited and adjusted, as required by the 9th section of the act of the 13th June, 1830 : Purdon, 7th ed. 340. After the death of Richter, in 1846, the auditors met for the first time to settle his accounts. From this settlement the executors appealed : when the appeal came before the court, an issue was directed to be joined between the parties. The plaintiff to declare for money had and received, and the defendants to plead payment with leave, &c. The executors insisted that their testator's account could only be examined for the last year, and relied on the case of Leasure *v.* Mahoning Township, 8 Watts,

551. But in that case, Leasure, the supervisor, gave in evidence a prior settlement of his accounts for the preceding years by the auditors, and the court held, that subsequent auditors have no right to re-examine previously audited and settled accounts; but that is not this case—here the treasurer omitted or neglected to prepare and submit his accounts to the auditors, and the creditors were equally negligent in not calling him to account. If the auditors of the prior years had audited and adjusted the treasurer's account, that settlement unappealed from would not have been open to re-examination by subsequent auditors; but as the accounts had remained unsettled, to ascertain the balance for or against the treasurer at the commencement of the last year, an examination of the debts and credits of the preceding year was indispensable; as facts were to be ascertained and determined, an issue was properly directed.

The district had but recently accepted the school system. I think the manner in which the business of the township was transacted, demonstrates that this was a misfortune. The accounts in question were the first which had arisen after the system was adopted. The act of 1836, being referred to, requires that all orders upon the treasurer of the common-school fund, shall be signed by the president of the board of school directors, and attested by the secretary of the board. There was evidence that the president of the board signed orders in blank, and left them in the hands of Dr. Waggonseller, who was the secretary and son-in-law of the treasurer. One order had been issued for $160, which was not attested by the secretary. The judge permitted the defendants to show the consideration of this order, and that certainly was as favourable to the executors as they ought to desire.

There was a contest about the price of the stoves purchased by the Waggonsellers; and the allegation was, that the treasurer, who was a member of the board, procured his son-in-law, who was the secretary, who with his brother, furnished the stoves for the new school-house, being at a price beyond what they could have been purchased for from the others. The evidence on this subject was admitted by the court on the ground that the treasurer colluded in a manner with Dr. Waggonseller, who managed the business — and the evidence was manifest that he knew how the orders were drawn and the business transacted.

We think the evidence was properly admitted. It was for the jury to determine under the evidence, whether Richter, as a ma-

nager and treasurer, colluded with the secretary in making improper charges and filling up orders signed in blank by the president.

The points were well answered by the court. The plaintiffs in error having failed to sustain either of the errors assigned :

The judgment is affirmed.