## Porter *versus* School Directors.

1. A settlement by township auditors of the account of the treasurer of a school district, is conclusive unless on appeal.

2. The account of such a treasurer was settled by the township auditors, and a balance was struck in his favor. In the settlement, among other credits, was contained an item of $75 through which a line was drawn, but the balance including it was not altered. The balance on this account was carried into the account of the treasurer for the next year, which was settled by the township auditors. More than six years after the treasurer went out of office, it was alleged that the item of $75 had not been paid by him; and suit was brought against him by the then school directors for the amount of the item:

It was *held*, that the settlements were conclusive in the matter: Further, that six years having elapsed since the treasurer went out of office before suit brought, he was protected by the statute of limitations.

ERROR to the Common Pleas of *Fayette county.*

This suit was brought by the School Directors of Luzerne district, against Moses B. Porter, before a justice of the peace, on the 21st of May, 1847.

[Porter *v.* School Directors.]

The claim of the plaintiffs was stated in the transcript of the justice to be for $75, money in the defendant's hands as treasurer of said district, and interest from October 30, 1845. A judgment was rendered in favor of the plaintiffs, from which judgment Porter appealed. The case was tried in the Common Pleas, in July, 1850, and verdict and judgment were rendered for the plaintiffs.

The declaration was in *assumpsit*, and contained the common counts for money lent and advanced, and money had and received, &c.

Pleas: payment, and payment with leave, &c.; to which were added afterwards, *nil debet, non assumpsit,* and *non assumpsit infra sex annos.*

Moses Porter was treasurer of Luzerne school district, for the years 1839 and 1840. In April, 1839, his accounts as treasurer were audited by the township auditors, and a balance struck in his favor; to which settlement, the auditors, in the books of the district, added their certificate. Among the items in the statement of said account and settlement by the auditors, was an order on the treasurer in favor of one Thomas Acklin, a contractor for the building of a school-house, for the sum of $75, the money for which the suit was brought.

It was alleged by the defendant that he had paid that order to Thomas Acklin; that he had presented the same order to the auditors, and that they had allowed him a credit therefor; and that the same was then entered to his credit on the township books. On inspection of the book, it appeared that a pen had been drawn *through this item,* but there had been no change made in the balance struck, corresponding with the striking out of this item.

In the spring of 1840, the accounts of Porter, who continued in the office of treasurer, were presented to the auditors of that year. The balance on former settlement was carried forward, without change as to it, and his accounts were again audited and settled; and to this settlement the auditors added their certificate. So the matter rested until 1845, when the then treasurer, Craft, paid an order for $75, drawn in favor of Thomas Acklin, to a man of the name of Hackney. How he got it in his possession did not satisfactorily appear from the evidence. At the time of this payment, it was not supposed to be the same order, nor was it thought to be erroneous. But afterwards, and not long before the suit was brought, Jameson, who was the secretary to the board of directors, in his testimony stated that *he* discovered the mistake. The directors then, after the lapse of about eight years, called upon Porter for the amount of the order, alleging that he had never paid it; that the two adjustments and settlements of his accounts, before the two boards of auditors, were incorrect; that Craft, a subsequent treasurer, had paid the order, and that Porter must pay it.

[Porter *v.* School Directors.]

On the trial of the cause in Court, the justice of the peace, before whom the cause was tried, was called on part of plaintiffs to prove what a Mr. Crawford, who was one of the auditors, had testified before the justice.   He stated that Crawford, in substance, testified that he drew his pen through the item, and. that he was authorized to do so by the auditors; that he thought he was not mistaken in saying that Porter was present at the time.

On the other hand, Porter called the only surviving auditor of the year 1839, and he testified that he did not recollect of that being done.   He also called two of the auditors of 1840, who testified that they had no recollection of seeing the erasure when they settled the accounts of Porter; and one of them testified that if it had been there, he believes he would have recollected it.

The Court admitted the settlement of the auditors, in 1839, of the account of Porter, and also admitted the parol evidence as to the erasure of the item of $75; also the order and proof of its payment by Craft; also the *settlement* of Craft that the order was credited to him; and proof that the order for $75 was *the same* as was credited to Porter.   To the admission of all of which the counsel of defendant excepted.

By the 102d section of the Act of 15th April, 1834, *Dunlop* 580, it is enacted: "The auditors of each township, any two of whom duly convened shall be a quorum, shall meet annually on the second Monday of April, and oftener if necessary, and shall audit, settle, and adjust the accounts of the supervisors and treasurer of the township, and of such other township officers as may by law be referred to them."

And by the 104th section of same Act, "It shall be lawful for the township, or the officer accounting, to appeal from such settlement to the Court of Common Pleas of the same county, within thirty days after such settlement.   Whereupon the Court may direct an issue to determine disputed facts, if necessary."

And by the 9th section of the Act 13th June, tit. Education, *Dunlop* 627, prescribing the duties of the treasurer, it is enacted, among other things, that he shall pay out the moneys on orders drawn by the President and attested by the Secretary of the Board of Directors, by order of the Board, and his accounts shall be audited and adjusted as accounts of townships and boroughs are directed by law to be audited and adjusted.

GILMORE, J.—It seems to be conceded if the erasure of the $75 order, included in the auditor's settlement in 1839, was made as Crawford, one of the auditors, testified before the justice of the peace from whose judgment this appeal is taken, that this settlement cannot be considered conclusive.   But it is contended that the auditor's settlement in 1840, which took in the balance of the account of 1839, as if no erasure had been made, is conclusive.

[Porter v. School Directors.]

We instruct you that the settlement of 1840 is not conclusive in respect to this item of $75. That if an appeal had been taken to the settlement of 1840, it would not have opened the balance on either side transferred from the settlement of the previous year. If this were the case, then every previous account which had a balance either way would be thrown open by an appeal from a subsequent account. The auditors had no power to revise the account of their predecessors. All they had to do with their account was to transfer the apparent balance due or owing, as the case might be, of the former treasurer.

He instructed the jury that if the order was not paid to Thos. Acklin, or any one holding it, by Moses B. Porter, and the order was paid by the district treasurer in 1845, the plaintiff's action is not barred by the statute.

Error was assigned to the admission of the parol proof referred to in the several bills of exceptions, and to the settlement of Craft.

Also to the charge that the settlement of 1840 was not conclusive. In not charging that the action could not be sustained,— that the Act of Assembly established a forum before which only could the accounts of the treasurer be settled; and in not charging that the claim was barred by the statute of limitations.

*Howell*, with whom was *Oliphant*, for the plaintiff in error.— It was contended that the statutes furnished the proper tribunal before which the accounts of the treasurer, with the directors, were to be settled and adjusted, and before which all errors and mistakes were to be corrected, and all wrongs remedied.

That by the Acts of Assembly, the settlement of the auditors was an adjudication of a competent court, and was conclusive until appealed from, and that the certificates of the auditors was the evidence of the settlement.

Also, that the action was barred by lapse of time.

*Veech*, for defendants.

Oct. 24. PER CURIAM.—A settlement by township auditors is certainly conclusive, but the difficulty is to say what constitutes it. Here a balance was struck, which was afterwards carried forward into subsequent accounts. On the book it appears that a pen has been run through one of the items, leaving the sum carried out untouched; and the certificate of the auditors was in favor of the accountant to the extent of the whole. Can the balance be altered without unravelling the settlement? There was conflicting evidence on the subject of the erasure, and that shows how dan-

[Porter v. School Directors.]

gerous it would be to throw the written report open to parol proof. The statute intended to avoid it.

But if that were otherwise, the defendant would still be protected by the statute of limitations. If the order was unpaid when he went out of office, he stood indebted to the school directors to the amount of it, and their cause of action was complete, because he had just so much of their money in his hands. Had he used any art to conceal the fact, it would have suspended the statute; but no such thing could be practised, for the books were not in his custody, but open to the inspection of all. If there was mistake by the auditors, he is not chargeable with it; for the obliteration on the face of the settlement was enough to set them on an inquiry.

Judgment reversed.