## The Township of Middletown *versus* Miles.

1. Auditors settled the account of a township treasurer in 1862. The treasurer carried the balance against him into the account of next year; the auditors settled his account of that year, finding a smaller balance, "subject to revision." *Held*, in a suit against the treasurer, that the township could recover the last balance.
2. The settlement of 1863 being "subject to revision" was not final.
3. The settlement of 1862 was conclusive, and the settlement of 1863 was primâ facie evidence that it had been reduced by payments.

March 9th 1869.    Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ.    SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Susquehanna county*: No. 319, to January Term 1869.

In the court below The Township of Middletown brought an action of debt against Miles Baldwin. The writ issued April 23d 1867.

The defendant had been treasurer of the township (plaintiff) for two years. On the 18th of March 1862 the township auditors settled his account and found against him a balance of $162.88. This balance was carried into the defendant's account for the succeeding year, being the first item of that account. The latter account was settled by the auditors as follows:

" We, the undersigned, having examined the above account of Miles Baldwin,.treasurer, with Middletown township, we find due the township the sum of one hundred and fifty-eight dollars and eighty-eight cents. Subject to revision.
March 14th 1863."

The plaintiff under objection and exception gave the first account and settlement in evidence. The defendant under objection and exception gave the last account and settlement in evidence.

The court (Streeter, P. J.) charged:—

" Plaintiff claims to recover upon the settlement of 18th March 1862. The evidence shows that the township carried that balance into the defendant's account for 1863, charging him with the balance of 1862; and that his accounts for that year have not yet been finally settled. This being the undisputed evidence in the cause, we instruct you that the plaintiff is not entitled to recover."

The verdict was for the defendant.

[Township of Middletown v. Baldwin.]

The plaintiff removed the case to the Supreme Court and assigned for error the admission of the evidence for the plaintiff and the charge of the court.

*A. Chamberlain*, for plaintiff in error.—The settlement of 1862 unappealed from was conclusive; carrying the balance into the next year's accounts could not affect it. The auditors of 1863 had nothing to do with the settlement of 1862 : Leasure *v.* Mahoning, 8 Watts 551; Richter *v.* Penn Township, 9 Barr 79; Porter *v.* School Directors, 6 Harris 144.

*R. B. Little.*—The auditors had a right to carry the first settlement into the second, and that being subject to revision was not a final settlement on which suit could be maintained : Blackmore *v.* Allegheny, 1 P. F. Smith 160.

The opinion of the court was delivered, May 11th 1869, by

WILLIAMS, J.—This was an action of debt to recover from the defendant the sum of $162.88, found due from him to the township of Middletown on the settlement of his accounts as treasurer, on the 18th of March 1862, by the auditors of the township. On the trial the plaintiff gave the settlement in evidence and rested. The defendant then offered in evidence the settlement of his account as treasurer of the township for the following year, as made by the auditors on the 14th of March 1863; in which, after charging him with the balance on the former settlement, they find due from him to the township the sum of $158.88, subject to revision. The court thereupon instructed the jury that upon the undisputed evidence in the cause the plaintiff was not entitled to recover. But why not? The settlement of 1862, not having been appealed from, was conclusive. The settlement of 1863, having been made expressly subject to revision, was not final, and therefore did not conclude either party. The fact that the balance found due on the settlement made in 1862 was carried into the settlement of 1863, was not an extinguishment of the indebtedness, nor did it amount to payment. The utmost effect that can be given to the settlement made in 1863 is to regard it as primâ facie evidence that the defendant's indebtedness had been reduced by payments, or other credits, from the sum of $162.88 to $158.88. The court should therefore have instructed the jury that under the evidence the plaintiff was entitled to recover the balance shown to be due on the last settlement.

Judgment reversed, and a *venire facias de novo* awarded.