# Commonwealth ex rel. *v.* Scanlan, Appellant.   Scanlan, Appellant, *v.* Shenandoah Borough.

*Public officers—Tax collectors—Conclusiveness of auditors' reports.*

The report of the auditors of a borough made in the year 1898, which covered the accounts of the tax collector for 1895, although unappealed from, is not conclusive against the sureties on the tax collector's bond, where it is subsequently made to appear to the court that in the previous year the auditors had settled the tax collector's accounts for 1895, and reported a less balance than that reported against him by the report of 1898; and this is the case although the tax collector had met and acted with the auditors in 1898 in preparing the statement for that year. The report for 1897 was conclusive upon all parties, and not even the tax collector could change the liability of the sureties on his bond as determined by that report, by consenting to the report of 1898.

Argued Feb. 17, 1902. Appeals, No. 269, Jan. T., 1899, and No. 18, Jan. T., 1902, by M. J. Scanlan, from orders of C. P. Schuylkill Co., May T., 1898, No. 412, and July T., 1899, No. 416, in cases of Commonwealth ex rel. Shenandoah Borough v. M. J. Scanlan et al., and Michael J. Scanlan v. Shenandoah Borough. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Reversed.

Rule to open judgment.
Petition for feigned issue.
The facts appear by the opinion of the Supreme Court.

*Error assigned* in No. 269, January term, 1899, was order discharging rule to open judgment.

*Error assigned* in No. 18, January term, 1902, refusal to award feigned issue.

*A. W. Schalck* and *James B. Reilly*, with them *S. G. M. Hollopeter, John R. Coyle* and *N. Heblich,* for Michael J. Scanlan.— The audit of 1897 was conclusive, and was not affected by the act of 1898: Northumberland County v. Bloom, 3 W. & S. 542; Blackmore v. Allegheny County, 51 Pa. 163; Westmoreland County v. Fisher, 172 Pa. 217; Luzerne County v. McNeish, 5 Kulp, 193; Schuylkill County Auditor v. Schuylkill County Commissioners, 2 Foster, 49; Hamburg Boro. v. Doering, 8 Pa. Dist. Rep. 131.

*M. M. Burke* and *John F. Whalen,* for appellee, cited: Com. v. Joyce, 3 Pa. Superior Ct. 609.

OPINION BY MR. JUSTICE BROWN, April 21, 1902:

These two appeals will be properly considered together, for, as is admitted by counsel for the borough of Shenandoah, the appellee, they involve the same question. Michael J. Scanlan, one of the appellants, was tax collector for the borough for the year 1895, having been elected for the three years, 1894, 1895 and 1896. He gave a bond each year for the faithful performance of his duties in collecting the taxes, and the question now before us is as to the liability of himself and the sureties on his bond given for the year 1895. What the responsibility of the obligors on this bond is can readily be ascertained from the apparently confusing records brought up on these appeals, and the measure of liability, if any remains, is easy of ascertainment in an issue prayed for, but denied by the court below.

The bond of Scanlan, as tax collector for the year 1895, was in the sum of $100,000, with a warrant of attorney for the confession of judgment. On April 25, 1898, judgment was entered on the bond and a certificate from the town council of the borough of Shenandoah, filed in the prothonotary's office, that the sum of $15,418.98 was due on it, according to the report of the borough auditors for the year ending March 30, 1898. On November 17, 1898, execution was issued to collect $13,185.93, the amount then alleged to be due; whereupon the sureties presented their petition to the court of common pleas, asking, for reasons therein set forth, that the judgment be opened and they let into a defense. An answer was filed and depositions were taken on behalf of the petitioners, and, on

June 19, 1899, the rule to show cause why the prayer of the petitioners should not be granted was discharged. From the . refusal of the court to open the judgment, an appeal was taken to this court, to January term, 1899, No. 269, and, when the case was called for argument, our attention having been called to the fact that there was an appeal pending from the report of the borough auditors for the year 1899, in which report they had undertaken to fix the liability of Scanlan on his tax duplicate for the year 1895, we suspended proceedings on the appeal until there could be a final disposition of the one from the auditors' report, with leave to either party to the appeal before us to move for a further hearing, if occasion should arise therefor, after the final disposition of the appeal from the report of the auditors. Subsequently, on May 6, 1901, the common pleas of Schuylkill county dismissed the petition for an issue on the appeal from the report of the auditors for the year 1899, on the ground that, as the borough auditors, in their report in 1898, for the year ending March 30, 1898, had passed upon the liability of Scanlan as tax collector for the year 1895, and that report had not been appealed from, it was final and conclusive of the measure of the liability of the tax collector and his sureties on the bond for that year. In support of its view that the report of the auditors, unappealed from, was conclusive as to all parties affected by it, the court cited Leasure v. Mahoning Township, 8 Watts, 551, Richter v. Penn Township, 9 Pa. 79, Blackmore v. County of Allegheny, 51 Pa. 160, Township of Middletown v. Miles, 61 Pa. 290, Godshalk v. Northampton County, 71 Pa. 324, Siggins v. Commonwealth, 85 Pa. 278, and Shartzer v. Washington Boro. School District, 90 Pa. 192; and we need not discuss the effect of a report of auditors, unappealed from, for counsel for appellee concede that it is conclusive as to the amount found due on a tax collector's bond for the year audited.

After the court had refused an issue on the appeal from the report of 1899, Scanlan presented supplemental petitions, setting forth that it had been learned, since the court had acted on the former petition, that his duplicate for the year 1895, had been audited by the auditors of the borough of Shenandoah in 1897, and that, by their report of the affairs of the borough for the year ending February 28, 1897, the auditors had audited,

adjusted and settled his account on his duplicate for 1895, reporting a balance due by him of only $10,219.75, and that he had paid to the treasurer of the borough of Shenandoah, since the filing of this report, the sum of $6,351.96 on the 1895 duplicate; and on May 20, 1901, a rule was asked for to show cause why the claim of the borough against him and his sureties under the duplicate for the year 1895 should not be limited to the amount found due and owing from him in the borough auditors' report for the fiscal year ending February 28, 1897, why he should not be credited with moneys paid by him on account of the duplicate for 1895, since February 28, 1897, and certain exonerations and commissions allowed, as claimed and stated in his petition, and why a feigned issue should not be granted to try all matters in controversy between them. No answer was filed to these supplemental petitions, upon which the rule for an issue was asked. On June 3, 1901, the rule was denied, and the reason given was, that there was not sufficient before the court to warrant the granting of it.

When the court below, on May 6, 1901, discharged the rule for an issue on the appeal from the report of the auditors made in 1899, on the ground that the report made in 1898, which had included the liability of Scanlan on his duplicate for the year 1895, was final and conclusive, it knew nothing of the audit of his account for that year by the auditors in 1897. The opening sentence of the opinion filed is : " Michael J. Scanlan was tax receiver of the borough of Shenandoah during the years 1895 and 1896 and, for some reason, which does not appear from the papers we have before us, his accounts for those years were not audited by the borough auditors until March 3, 1898." Counsel for Scanlan and his sureties admit that they were utterly ignorant of the 1897 audit until the supplemental petitions were presented. If the court had known of this audit in 1897, before the opinion of May 6, 1901, was filed, the ruling would, of course, have been that it was final and conclusive, just as that of 1898 was held to be on the appeal from the report of 1899; and yet, after attention was called to this report of 1897, the court inconsistently refused to consider it. In refusing to award an issue on the appeal from the report of 1899, the court based its refusal solely on the ground that, as there

had been a report made by the auditors in 1898, on the matters complained of, the auditors, in their report of 1899, could not review them, and the report for that year, so far as it related to the matters previously passed upon, was of no effect. Why, then, is the report of 1898 to be considered, if, in the report of 1897, the amount due by Scanlan on his duplicate for 1895, was ascertained and fixed? For the same good reason that induced the court to disregard the report of 1899, that of 1898 cannot be taken into consideration in determining how much is due the appellee from the tax collector and his sureties on the bond for the year 1895. After his account had been audited in 1897, no subsequent board of auditors could inquire into it: Godshalk v. Northampton County, supra.

It is contended that, as Scanlan was cognizant of the report of 1898, and had met and acted with the finance committee in preparing the statement upon which that report was founded, it is conclusive as to him and his sureties; but, if the auditors, in the report filed in 1897, had passed upon the liability of the tax collector for the year 1895, and that report was unappealed from, the report made in 1898, so far as it undertook to again consider and pass upon the same question, must, as already stated, be regarded as one which the auditors, in that year, had no power to make : Godshalk v. Northampton County, supra. Not even Scanlan could consent to such a report, changing the liability of the obligors on his official bond, after it had already been finally fixed in a statutory manner. His appeal from the orders of May 6, and June 3, 1901, which may be considered as one, is from an order or decree that would change a liability on an official bond after it had been unalterably fixed, and, though his sureties have not formally joined in his second appeal, it was taken, and its effect is to be so regarded, to correct any error committed in determining the amount that can be collected on the bond for the year 1895.

The proceedings instituted by the appellants in the court below, to May term, 1898, No. 412, are dismissed at their costs, including those on their appeal to this court from the order made June 19, 1899. The order made May 6, 1901, is vacated and set aside. The order of June 3, 1901, is reversed. The rule asked for on May 20, 1901, is granted, with leave to the

appellee to answer, and the record is remitted, that the said rule to show cause may be disposed of in the court below in accordance with the views expressed in this opinion, the costs on the appeal to January term, 1902, No. 18, to be paid by the appellee.