## Yubas, Executrix, Appellant, *v.* Makransky.

508

Argued April 21, 1930. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Wesley H. Caldwell,* of *Roper & Caldwell,* for appellant.—Endorsers on a note can agree among themselves to be liable otherwise than as endorsers: Donnan v. Barnes, 272 Pa. 33; Heyl v. Bary, 92 Pa. Superior Ct. 352.

The giving of the second note did not release defendant from liability under his promise respecting the first note: Adams v. DeFrehn, 27 Pa. Superior Ct. 184; Slaymaker v. Gundacker, 10 S. & R. 75; Citizens Bank of Wind Gap v. Lipschitz, 296 Pa. 291.

When the evidence of agency is not in writing, it is necessary to resort to parol evidence to establish it and the admission of the principal constitutes the most convincing evidence: Ruddy v. Repp, 19 Pa. Superior Ct. 437; Beal & Simons v. Express Co., 13 Pa. Superior Ct. 143; Stewart v. Road Machine Co., 200 Pa. 611; Park v. Ry., 58 Pa. Superior Ct. 419; Lauer Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396.

The learned trial judge was in error in refusing to allow the amendment, as the averment did not introduce any new cause of action and could be made at any time during the trial, providing no new cause of action is introduced: Rochester Boro v. Kennedy, 229 Pa. 251, 273; Armstrong & Latta v. Phila.; 249 Pa. 39; Newman v. Indemnity Co., 275 Pa. 374; Davis v. Land Co., 296 Pa. 449.

*David S. Malis,* for appellee.—Plaintiff failed to show that defendant violated his agreement: Bauschard v. F. & I. Co., 21 Pa. Superior Ct. 371; Second Nat. Bank v. Graham, 246 Pa. 256.

Plaintiff alleged but failed to prove any agency in Waxman to act for defendant: Humphrey v. Brown, 291 Pa. 53, 59; Long v. Coal & Nav. Co., 292 Pa. 164; Van Pelt v. Spotz, 92 Pa. Superior Ct. 213.

Declaration of an alleged agent cannot be used to prove agency for a principal: Hileman v. Falck, 263 Pa. 351; Mahoning v. R. R., 83 Pa. Superior Ct. 379.

As between the holder of negotiable paper and an accommodation endorser, the latter is released by an agreement of extension to the maker: Moritz's Est., 239 Pa. 375; Grayson's App., 108 Pa. 581; Siebeneck v. Bank, 111 Pa. 187; Bishops's Est., 195 Pa. 85; Barnett v. Reed, 51 Pa. 190.

OPINION BY MR. JUSTICE WALLING, May 27, 1930:

Joseph Galanter and M. M. Waxman, being engaged in the real estate business as a corporation under the name of Galanter-Waxman, Inc., on March 16, 1926, obtained a loan of $7,500 from the Union National Bank of Philadelphia, for which they gave a promissory note payable in four months, executed by the corporation as maker and endorsed by Leon R. Yubas and Simon Makransky, the former being the father-in-law of Galanter and the latter the father-in-law of Waxman. The evidence tended to show that the understanding of the

endorsers was that they should share equally in the liability thereby incurred. At the maturity of the note (July 16, 1926), it was taken up and a new one given the bank for a like amount and maturing four months thereafter. It was executed by the corporation and endorsed by Yubas alone, as Makransky declined to join therein. The first note was surrendered to the makers and destroyed. Both were accommodation endorsers on the first note and Yubas alone on the second. When the latter matured the corporation had failed and Yubas, being compelled to pay the entire $7,500 on the second note, brought this suit against Makransky to recover one-half the amount thereof. Yubas died before the trial and his executrix was substituted as plaintiff. The above are the facts practically as supported by evidence. The trial judge granted a compulsory nonsuit and, from a refusal to take it off, plaintiff brought this appeal.

Plaintiff's case failed for lack of evidence. It was averred that the defendant, through his agent Waxman, verbally promised to join as an endorser on the second note and that Yubas did so on the strength of such promise; but there was no evidence that Waxman was defendant's agent or had authority express or implied to make the promise. He who relies upon the acts of an agent must prove the agency: Long et al. v. Lehigh C. & N. Co. of N. E., 292 Pa. 164; Fidelity T. & T. Co. v. First Nat. Bank of Spring Mills, 277 Pa. 401; Smith Co. v. Evans & Co., Inc., 56 Pa. Superior Ct. 626; Beal & Simons v. Express Co., 13 Pa. Superior Ct. 143. This question is also considered in Lewis v. Matias et ux., 300 Pa. 238. True, plaintiff offered to prove declarations of Waxman tending to show his authority; but it is fundamental that agency cannot be established by the declarations of the agent (Lawall v. Groman, 180 Pa. 532; Grim v. Bonnell, 78 Pa. 152; Jordan v. Stewart, 23 Pa. 244; Van Pelt v. Spotz, 92 Pa. Superior Ct. 213; Mahoning V. B. Co. v. B. & O. R. R. Co., 83 Pa. Superior Ct. 379), while it may be by his testimony: Hileman v.

Falck, 263 Pa. 351. In the case at bar, Waxman gave no testimony, was not even called as a witness, and his alleged declarations were properly excluded in the absence of any proof of agency.

Defendant's liability under the first note ended with its voluntary surrender and destruction and he never incurred liability under the second note for he neither endorsed nor promised to endorse it. Of course, the first note might have been kept alive despite the acceptance of the second, but it was not, and all liability thereunder was discharged by its intentional cancellation. See section 119, article VIII, of the Negotiable Instruments Act of May 16, 1901, P. L. 210; also Barnett v. Reed, 51 Pa. 190.

The contract of an accommodation endorser, like that of any other surety, must be strictly construed. Yubas's loss resulted from the second note and defendant never was a party thereto. When he endorsed the first note there was no agreement that he would endorse a second one by which the first should be paid. That he endorsed one note did not render him liable upon another, which he refused to endorse. A man may lend his credit once without being compelled to lend it again.

Furthermore, when the first note matured, so far as appears, it might have been collected from the maker, but it was replaced by a new one and thereby four months additional credit was extended without defendant's consent. This alone released him from liability, even had the first note not been cancelled and destroyed. Mr. Justice STRONG, speaking for the court, in Barnett v. Reed, supra, says (page 194) : "There is still another reason why all possibility of resort to Samuel M. Reed was gone. As surety in the first note, it was his right to insist that the debt should be paid by his principal when it became payable. But when the bank took a new note from David Reed, extending the time for payment of the debt, it deprived Samuel M. Reed of the power to compel payment of the debt at the maturity of the note which

he had endorsed. It tied up his hands for thirty days. To this arrangement Barnett [the coendorser] became a party. How, after this, could the surety remain liable, either in law or in equity? There had been a change of his contract, so far as it appears, without his consent." And in Am. Telegraph Co. v. Lenning, 139 Pa. 594, Mr. Justice CLARK, speaking for the court, says (page 602) : "It is a well settled principle of law that the obligation of a surety cannot be extended, by implication, beyond the terms of his contract. He is bound only to the extent, and in the manner, and under the circumstances pointed out in his obligation; and if the principal parties, without his consent, change the contract in a material part, so as to affect the nature and extent of his responsibility, he is discharged." See also Bishop's Est., 195 Pa. 85; Seibeneck v. The Anchor Savings Bank, 111 Pa. 187; Bensinger v. Wren, 100 Pa. 500; Bauschard Co. v. F. & C. Co., 21 Pa. Superior Ct. 370. This is also governed by the Negotiable Instruments Act of May 16, 1901, P. L. 194, as section 120 of article VIII (page 210) provides, inter alia : "A person secondarily liable on the instrument is discharged: 1. By any act which discharges the instrument. 2. By the intentional cancellation of his signature by the holder. ...... 6. By any agreement binding upon the holder to extend the time of payment or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved." And see Second Nat. Bank v. Graham, 246 Pa. 256, 261; Moritz's Est., 239 Pa. 375.

It is suggested that the trial judge erred in excluding an alleged conversation had with the defendant subsequent to the date of the second note, but as that is neither suggested in the statement of questions involved nor raised by any assignment of error, it will not be considered.

There was no question of variance suggested at the trial or considered here; hence, the refusal of the trial judge to permit plaintiff's statement to be so amended as to aver that the agreement about the endorsement of the first note was made with the defendant and not with his agent is immaterial.

The judgment is affirmed.