## Mauch Chunk Township School District, Appellant, v. Fisher et al.

Argued November 10, 1937.

Before KELLER, P. J., CUNNING-

HAM, BALDRIGE, STADTFELD, PARKER, JAMES, and RHODES, JJ.

*Ben Branch,* for appellant.

*Herbert A. Barton,* with him *James C. McCready,* and *C. Donald Swartz,* of *Swartz, Campbell & Henry,* for appellee.

OPINION BY KELLER, P. J., March 4, 1938:

Mauch Chunk Township School District, a school district of the third class, brought this action of assumpsit against Benjamin C. Fisher, tax collector of the district for the years 1928 and 1929, and American Employers' Insurance Company, the surety on his tax collector's bond, to recover the sum of $2,583.69,[1] covering taxes owed by Fisher on his tax duplicate for 1928, $1,458.75, and for 1929, $1,124.94. The plaintiff's statement averred that Fisher was the duly elected collector of taxes in and for Mauch Chunk Township in the years 1928 and 1929, and as such was entitled and obliged to collect the school taxes levied by said school district for those years; that for the school year beginning the first Mon-

---

[1] The parties agreed that the case might be heard and decided by the Superior Court. See Act of June 24, 1895, P. L. 212, section 7 (e), p. 217.

day of July, 1928, and again for the school year beginning the first Monday of July, 1929, the school board of said district fixed his bond as collector of school taxes in the amount of $25,000, which was furnished with American Employers' Insurance Company as surety, and was duly accepted and approved by the school board; that on or about July 17, 1931 the Board of Township Auditors of said Township completed its audit of the accounts of said Benjamin C. Fisher by which they found that the amount due by said collector on the duplicate for 1928 was $1,458.75 and on the duplicate for 1929, $1,124.94; that the said Board of Auditors gave notice of said audit to said Benjamin C. Fisher and filed their report in the office of the Prothonotary of the Court of Common Pleas of Carbon County on July 29, 1931 to No. 33 October Term 1931, which was not appealed from; that by virtue of the premises the defendants were indebted to the plaintiff school district in the sum of said amounts, $2,583.69, with interest from July 29, 1931.

The defendant surety filed an affidavit of defense raising a question of law, under section 20 of the Practice Act of 1915, P. L. 483, contending that it was entitled to judgment because the Act of May 18, 1911, P. L. 309, Art. XXVI, section 2620, requires that in every school district of the third class the proper auditors shall begin their duties on the first Monday in July of each year, and, within thirty days, audit the accounts of the school district for the preceding fiscal year; and that on its face the statement showed that the audit on which the suit was based was not made for the preceding year, but for the years 1928 and 1929, which were beyond the jurisdiction of said auditors.

The court below sustained the position taken by the surety defendant and entered judgment in its favor. The school district appealed. The judgment must be reversed.

The appellant does not dispute the proposition that if the Board of Township Auditors had audited the accounts of the tax collector for the years 1928 and 1929, a subsequent board could not audit them again, even though a mistake had been made—in the absence of fraud, see *Zeigler's Petition,* 207 Pa. 131, 56 A. 419; *Riehl v. Miller,* 319 Pa. 201, 207, 178 A. 495—but it contends that a failure of the township auditors to comply with the law and audit the tax collector's accounts for the years 1928 and 1929, respectively, does not bar the auditors from subsequently doing what should have been done before, and settling the accounts which should have been audited yearly pursuant to the School Code; that the failure of the auditors to make a yearly audit does not relieve the collector, or the surety on his bond, from paying, following a later audit, the balance for which he was chargeable—the failure of the auditors to perform their duty will not be permitted to deprive the school district of the money due it by the collector.

All of the decisions of the appellate courts cited by the court below and relied on by the appellee, (*Leasure v. Mahoning Twp.,* 8 Watts 551; *Short v. Gilson,* 107 Pa. 315; *Com. v. Scanlan,* 202 Pa. 250, 51 A. 986; *Com. v. White,* 75 Pa. Superior Ct. 554), and the following additional cases, *Porter v. School Directors,* 18 Pa. 144; *Twp. of Middletown v. Baldwin,* 61 Pa. 290; *Shartzer v. School Dist. of Washington Boro,* 90 Pa. 192; *Westmoreland County v. Fisher,* 172 Pa. 317, 33 A. 571, relate to cases where the auditors had made an audit, which was not appealed from, and which it was sought to supersede by another audit, made in a later year, or by some other proceeding. If the township auditors in 1929 and 1930, respectively, had audited Fisher's accounts as tax collector for 1928 and 1929, and filed their reports, they would rule this case for the surety defendant and prevent a recovery in the present action even though an error had been made in settling them.

But as no audit was made of the tax collector's accounts for 1928 and 1929 another line of decisions applies and governs the case.

The Act of April 15, 1834, P. L. 537, relating to counties and townships and county and township officers—supplied as to counties, by the Act of May 2, 1929, P. L. 1278 (See Art. IV, sec. 363) and as to schools, by the School Code of 1911, supra—provided in sections 47 and 48: "The auditors of each county shall assemble at the seat of justice thereof, *on the first Monday of January in each year,* and at such other times as they may find necessary for the performance of the duties required of them by law. The auditors of each county, any two of whom when duly convened shall be a quorum, shall audit, settle and adjust the accounts of the commissioners, treasurer and sheriff and coroner of the county, and make report thereof to the court of Common Pleas of such county, together with a statement of the balance due from or to such commissioners, treasurer, sheriff or coroner"; and in sections 102 and 103: "The auditors of each township, any two of whom duly convened shall be a quorum, *shall meet annually on the second Monday of April,* and oftener if necessary, and shall audit, settle and adjust the accounts of the supervisors and treasurer of the township, and of such other township officers as may by law be referred to them. The report of such township auditors shall be filed with the town clerk, if there be one; and if there be no town clerk, it shall remain with the senior auditor, for the inspection of all persons concerned"; and section 9 of the Act of June 13, 1836, P. L. 525, relating to schools, provided: "The district treasurer shall receive all moneys belonging to the district, whether the same be derived from appropriations by the state, district taxes, private donations, or otherwise, and shall pay out the same, on orders drawn by the president and attested by the secretary of the board of directors, by

order of the board, and his accounts shall be audited and adjusted as accounts of townships and boroughs are directed by law to be audited and adjusted."

Construing these provisions our Supreme Court held in *Richter v. Penn Twp.*, 9 Pa. 79, that under the Act of June 13, 1836, above, the auditors of a treasurer of the school fund for a township may inquire into the treasurer's accounts for earlier years as well as the year preceding settlement when the earlier accounts have not previously been audited. *Leasure v. Mahoning Township*, supra, was distinguished on the ground that in that case the prior accounts had been audited while in the Richter case they had not.

In *Godshalk v. Northampton County*, 71 Pa. 324, it was held that county auditors could in 1868 audit the accounts of the sheriff for the years 1862, 1863, 1864, 1865 and 1866 when they had not previously been audited.

The right of a board of auditors to audit an account in a subsequent year if it had not been previously audited was recognized by the Supreme Court in *Com. v. Scanlan*, 202 Pa. 250, 51 A. 986, a case relied upon by appellee, but which when fully understood is favorable to the appellant. The opinion of Mr. Justice Brown, (p. 253) shows that while the court held that an audit of the tax collector's account in 1897 precluded a further review or audit in 1898, it also shows that the audit of 1897 was for the duplicate of 1895, not 1896—that is, that the audit of the duplicate for 1895, which was held conclusive, was made two years later, in 1897, and not in the immediately following year, 1896. This is clear from the following extract from the opinion: "When the court below, on May 6, 1901, discharged the rule for an issue on the appeal from the report of the auditors made in 1899, on the ground that the report made in 1898, which had included the liability of Scanlan on his duplicate for the year 1895,

was final and conclusive, it knew nothing of the audit of his account for that year by the auditors in 1897. The opening sentence of the opinion filed is: 'Michael J. Scanlan was tax receiver of the borough of Shenandoah during the years 1895 and 1896 and, for some reason, which does not appear from the papers we have before us, his accounts for those years were not audited by the borough auditors until March 3, 1898.' Counsel for Scanlan and his sureties admit that they were utterly ignorant of the 1897 audit until the supplemental petitions were presented. If the court had known of this audit in 1897, before the opinion of May 6, 1901, was filed, the ruling would, of course, have been that it was final and conclusive, just as that of 1898 was held to be on the appeal from the report of 1899; and yet, after attention was called to this report of 1897, the court inconsistently refused to consider it. In refusing to award an issue on the appeal from the report of 1899, the court based its refusal solely on the ground that, as there had been a report made by the auditors in 1898, on the matters complained of, the auditors, in their report of 1899, could not review them, and the report for that year, so far as it related to the matters previously passed upon, was of no effect. Why, then, is the report of 1898 to be considered, if, in the report of 1897, the amount due by Scanlan on his duplicate for 1895, was ascertained and fixed? For the same good reason that induced the court to disregard the report of 1899, that of 1898 cannot be taken into consideration in determining how much is due the appellee from the tax collector and his sureties on the bond for the year 1895. After his account had been audited in 1897, no subsequent board of auditors could inquire into it: *Godshalk v. Northampton County*, supra [71 Pa. 324]."

*In re Manor Township School Dist.*, 85 Pa. Superior Ct. 84, was a case very similar to this one. It was there

held that, under the School Code of 1911, township auditors could, with the permission of the court of quarter sessions, file an additional report, as of February, 1923, supplementing the audit made in July, 1922, for the year ending June 30, 1922, which failed to settle the accounts of a deceased township school district tax collector, and thereby charge the estate of the deceased collector and his surety with a liability to the school district of $6,458.24. In delivering the opinion, Judge GAWTHROP said (85 Pa. Superior Ct. at 91 to 92) : "The case is clearly distinguishable from the line of cases, of which *Westmoreland County v. Fisher,* 172 Pa. 317, is a sample, holding that the decision of the tribunal created by law for the settlement of the accounts of public officers is final and conclusive and cannot be opened for the correction of errors or again inquired into by the auditors or the court. The learned counsel for the appellant, in their statement of the question involved, assume the fact that the auditors had 'filed a complete audit of the tax collector's account.' Unfortunately for them this is incorrect. If the report filed had contained a statement of the audit of the tax collector's accounts and made a charge against him, the rights of all parties would have been fixed at the end of thirty days from the filing of the report. But here the auditors have never settled the accounts of the tax collector. There is no settlement of his accounts until a report of the audit of his account is filed. If the auditors, whether by mistake or by design, had failed to audit the accounts of the tax collector and, as a consequence thereof, their report filed in the court of quarter sessions contained no statement of that officer's accounts, on what principle of law could it be said that there had been a settlement of the accounts of the tax collector which was conclusive against the school district and the taxpayers thereof. Such a failure on the part of the auditors to perform their duty cannot result

in relieving a tax collector from paying to the school district the balance with which he is chargeable. The provision in the statute prescribing the time when the auditors shall audit the finances of the school district is merely directory. In our opinion these auditors could have been compelled in a mandamus proceeding to perform their duty and file a report of their audit of the tax collector's accounts at a later date. [See *O'Gara v. Phillips*, 297 Pa. 526, 532, 147 A. 613]. When in the circumstances here there had been an audit of the tax collector's accounts, but, apparently inadvertently, no report thereof was filed in the court of quarter sessions and the auditors asked the permission of the court to supplement their report by filing a statement of their audit of that officer's accounts, it would have been error to refuse to grant permission to do so."

That the rights and liabilities of township school district tax collectors are not finally settled until there has been an audit of their accounts, regardless of whether within the time designated by the School Code or not, was recognized by the Supreme Court in *Senor v. Dunbar Township School Dist.*, 307 Pa. 190, 160 A. 701, in which it was held that in a suit by a township school district tax collector begun in 1927 to recover overpayments for the years 1921-2, 1922-3 and 1923-4, an audit of the accounts was the exclusive remedy. In reversing a decision in favor of the school district, the Supreme Court said, through Mr. Justice LINN (307 Pa. at 194), "If the accounts of the tax collector and of the school board have not been audited as required by law, this suit is premature; if they were audited, the conclusions reached are final, and this action, in apparent disregard of the results of the audit, will not lie."

In the case of *O'Gara v. Phillips*, 297 Pa. 526, 147 A. 613, while the Supreme Court reversed the court below as to the surcharges against the county treasurer for

the years 1925 and 1926, it is clear from the opinion of the present Chief Justice, pp. 532 to 536, that this was due to a finding that the county controller had audited the accounts of the county treasurer for those years, and that if such an audit had not been made the surcharge in the audit made in 1928 on the accounts for 1925 and 1926, as well as for 1927, would have been sustained.

It should be added that there is nothing in the provisions of the tax collector's bond sued on which relieves the surety of liability in case yearly audits are not made. The bond is "conditioned upon the faithful performance of [the principal's] duties as such tax collector." The case of *Yubas, Executrix, v. Makransky,* 300 Pa. 507, 512, 150 A. 900, cited by the lower court, is, therefore, not in point.

The judgment is reversed, the question of law raised by the appellee is decided against it and a procedendo is awarded. The appellee is given leave to file an affidavit of defense to the averments of fact in the plaintiff's statement within fifteen days after the return of the record to the court below.