## Scott et al. *v.* Gill et al., Appellant.

*Contracts—Oral contracts—Hauling—Evidence—Telephone Conversations—Admissibility—Trial without jury—Issue of fact.*

In an action of assumpsit, to recover for hauling done under an alleged oral contract, the performance of the work by plaintiffs was admitted. The evidence was conflicting as to whether the work was done under a contract with the defendants, or whether the contract was made with defendants' sub-contractor.

The case was tried by a judge without a jury under the Act of April 22, 1874, P. L. 109.

Under such circumstances, the issues of fact were for the Court and a finding for the plaintiffs based upon competent and relevant evidence will be sustained.

In such case, the fact that the evidence relied upon by the plaintiffs to establish the contract consisted largely of conversations over the telephone, did not affect the admissibility of the evidence; its weight and credibility as well as that of the other evidence was for the trial judge.

Argued December 13, 1926. Appeal No. 301 October T., 1926, by defendant from judgment of C. P. No. 4, Philadelphia County, December T., 1923, No. 1565, in the case of Clarence R. Scott, Joseph L. Scott, John P. Scott and Samuel Scott, surviving partners of the firm formerly composed of James S. Scott, Clarence R. Scott, Joseph L. Scott, John P. Scott and Samuel Scott, trading as Scott Brothers, v. John T. Gill and K. F. Gill, co-partners trading as John Gill and Sons. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit on an alleged oral contract, before Mc-CULLEN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sum of $2,494.40. Defendants appealed.

*Errors assigned* were the findings of the court and judgment of the court.

*J. Vincent Brophy,* and with him *John P. Connelly,* for appellant.

*Cecil P. Harvey,* and with him *George Wentworth Carr,* for appellee.

OPINION BY CUNNINGHAM, J., March 3, 1927:

This case was decided by a judge of the court below without a jury under the Act of April 22, 1874, P. L. 109, and from the judgment entered in favor of the plaintiffs we have this appeal. Plaintiffs, engaged in the business of general hauling in the City of Philadelphia, brought suit to recover from defendants, general contractors, the sum of $2,113, with interest, claimed by them from defendants for hauling debris incident to the demolition of the old Continental, and the erection of the new Benjamin Franklin, hotel at 9th and Chestnut Streets in that city. The contract sued upon was verbal and the trial judge found as a fact that a contract was made between the parties and as a conclusion of law that under all the evidence the plaintiff partnership was entitled to the full amount of its claim from the defendant partnership. The only question involved therefore is whether there was sufficient competent and relevant evidence to support these findings. Appellants were the general contractors for the erection of the Benjamin Franklin hotel and their contract included the demolition of the old Continental hotel building upon the site and the removal of the debris. They entered into a subcontract with one Charles D. Heavey under which he undertook to demolish the old hotel and remove the old materials. Under the terms of this subcontract, which was in writing and for the performance of which Heavey furnished a bond, it was provided, inter alia, that in case Heavey did not remove the materials and rubbish promptly appellants should have the right "to have said materials and rubbish removed forthwith by other parties and to charge the same against the said party

of the second part [Heavey], with the privilege of deducting such payment so made by the said parties of the first part [appellants] from the sum of $5,000, the contract price" etc. There was delay by Heavey in the performance of his contract and plaintiffs contended that defendants, through one Weidman, admittedly their construction engineer and agent, made the contract sued upon by telephonic communications between the offices of the parties, some of which were between Weidman and members of the plaintiff partnership and others between their respective employes at their instance. The performance of the work by plaintiffs was admitted and the reasonableness of the prices charged was not questioned—the only issue being whether the work was done for, upon the credit of and under a contract with defendants, or whether, as alleged by defendants, the contract for this hauling was really made with their subcontractor, Heavey. The fact that the evidence relied upon to establish the contract consisted largely of conversations over the telephone did not affect its admissibility, under the circumstances disclosed in this case, but its weight and credibility, as well as that of the other evidence, were for the trial judge: Pennsylvania Trust Co. v. Ghriest, App., 86 Pa. Superior Ct. 71, 74. The learned trial judge in his opinion and findings discussed the evidence at length and in his own findings of facts, after stating the circumstances relative to .Heavey's failure to perform his contract, said with respect to the making and performance of the contract:

"4. Through William R. Weidman, the representative and agent of the defendants, on or about May 16, 1923, the plaintiffs were requested and ordered in and about the removal of said old materials and debris to furnish the trucks and teams and to do the work and labor charged and sued for in the present suit.

"5. During the course of the furnishing of said

trucks and teams and the performance of the work and labor charged for, bills in the names of the defendants were rendered to the defendants by the plaintiffs and no objection thereto or as to liability for the payment thereof was made by any of the defendants to the plaintiffs. This silence of the defendants upon the subject of their liability as well as the express orders of their representative, Weidman, to the plaintiffs, induced the plaintiffs to continue to do the work of hauling and to furnish the teams upon the credit of the defendants. The defendants never took any steps to dispel this belief existing on the part of the plaintiffs.

"6. After the completion of the work and after the rendition of bills by the plaintiffs to the defendants in the name of the defendants, the latter, through their representative, requested the plaintiffs to make out new bills in the name of Charles D. Heavey, in care of John Gill and Sons, so that the latter might charge the same to the account of Heavey, their subcontractor, and deduct the amount thereof from the five thousand dollars which they had agreed to pay Heavey for work, part of which had been done by the plaintiffs and of which the defendants had received the benefit."

The evidence upon which these findings were based was conflicting and, although upon certain features of the case different conclusions might possibly be drawn than were reached by the trial judge, we are satisfied that there was competent and relevant evidence to support his findings. Such being the case, an appellate court will not go into an examination of the credibility of the witnesses and the contradictions in their testimony. The findings of fact of the court below are not to be set aside merely because a different conclusion might be possible under the conflicting testimony adduced: Eichman v. Hersker, App., 170 Pa. 402, 414; Smith v. Kaufman, App., 30 Pa. Superior Ct. 265, 269.

The assignments of error are overruled and the judgment is affirmed.