# Dickson City Borough *v.* South Side Bank.

*Negotiable instrument—Checks—Payee—Title.*

In an action of assumpsit on two certified checks, it appeared that these checks had been deposited with the Secretary of Borough Council by the Borough Solicitor, who was also counsel for the use plaintiff, in connection with bids for paving contracts which were rejected. The checks were then returned to the Borough Solicitor, who fraudulently negotiated them for his own use.

*Held:* That the interest of the Borough in the checks having been dependent upon the acceptance of the bids, it had no title after the rejection, and had no standing to bring an action upon them; and as the use plaintiff's action was based on the borough's title to the checks, it must fail.

Argued March 9, 1927. Appeal No. 22, February T., 1927, by plaintiff, from judgment of C. P. Lackawanna County, May T., 1914, No. 355, in the case of Dickson City Borough to the use of August Lessing, Plaintiff

Statement of Facts—Opinion of the Court.   [90 Pa. Superior Ct.
v. South Side Bank.   Before PORTER, P. J., HENDER-
SON, TREXLER, KELLER, LINN, GAWTHROP and CUNNING-
HAM, JJ.   Affirmed.

Assumpsit to collect two certified checks.   Before
NEWCOMB, P. J., without a jury.

The facts are stated in the opinion of the Superior
Court.

The Court entered judgment for defendant.   Plain-
tiff appealed.

*Errors assigned,* were various findings of fact and
conclusions of law, and the judgment of the Court.

*David J. Reedy,* and with him *George D. Taylor,* for
appellant.

*William J. Fitzgerald,* and with him *Thomas A.
Donahoe, Reese H. Harris* and *Joseph O'Brien,* for
appellee.

OPINION BY KELLER, J., April 22, 1927.

This was an action of assumpsit, tried without a
jury under the Act of 1874, (P. L. 109), in which judg-
ment was entered by the court below for the defend-
ant.   It was brought in the name of Dickson City
Borough, as legal plaintiff, to the use of August
Lessing, against the South Side Bank, to recover upon
two checks for $500 each, drawn by F. J. Helriegel,
made payable to Dickson City Borough and certified
by the bank, which were paid upon an unauthorized
endorsement of said Borough made by George H. Rice,
the borough solicitor.   The facts are rather compli-
cated, but must be considered in this court from a
viewpoint consistent with the theory on which it was
tried in the court below.

That theory is clearly expressed in the plaintiff's

requests for conclusions of law, of which the following, inter alia, were affirmed by the court:

"First: The legal plaintiff in this case is Dickson City Borough, and the plaintiff must recover on the title of Dickson City Borough.

"Second: It is not necessary in order to enable the plaintiff to recover that the equitable plaintiff, August Lessing, should prove or trace any title or right of his own.

"Third: If the Dickson City Borough under the facts proved in this case would be entitled to recover, then the judgment must be for the plaintiff without regard to any conflicting rights between Dickson City Borough and August Lessing.

"Sixth: The only title involved in this case is the title of the Dickson City Borough to recover from the defendant the sum of $1,000 with interest thereon according to law on account of the two certified checks dated the 17th day of June, 1908, and involved in this case."

It follows as a necessary corollary to these conclusions that if Dickson City Borough neither had nor has any title to these checks and is not entitled to recover upon them, then this action must fall irrespective of any claim the use plaintiff may have against somebody growing out of the transaction.

Passing over, for the present, the question whether the judge's findings of fact under the Act of 1874 have the effect of a verdict of a jury, (see Scott v. Gill, 89 Pa. Superior Ct. 508, 509), the facts as disclosed by the evidence, in the light most favorable to appellant, are as follows: On June 17, 1908, S. S. Spruks, a member of the partnership of Spruks Brothers, contractors, approached F. J. Helriegel, then cashier and now president of the defendant bank and told him he desired to make some bids on certain sewer contracts for the Borough of Dickson City and wished to put in a bid in their own name and one in some-

body else's name. He wished to put in their own check with their own bid and wanted Helriegel's checks to accompany some one else's bid. He gave Helriegel his firm's check for $1,000 and received in return two of Helriegel's individual checks for $500 each payable in blank. Spruks inserted the name of Dickson City Borough as payee and had the checks certified. Later in the day, Lessing, the use plaintiff, who purposed filing a bid for the sewer contracts, obtained from Spruks the loan of these certified checks, took them to Dickson City and gave them with his bid to Rice. Rice went with him to see the secretary of the borough council, one Callahan. The latter told them there would be no meeting of the borough council that night. The checks were thereupon left by Rice with Callahan, who said he would take care of them, and Lessing states that his bid was also left with the secretary, but no record of it appears in the borough's books, and the checks were apparently not enclosed with the bid. The checks were intended to be furnished with the bids as security that the contractor would execute the contract if his bid was accepted and the contract awarded to him. On June 19, 1908, a meeting of the council was held, at which it was decided to return all bids, (and accompanying certified checks), and the secretary so announced. Lessing was not present at this meeting, but Rice demanded of Callahan the return of the two certified checks above mentioned in order that he might deliver them to the party from whom he had received them. They were accordingly given to him for that purpose. Without any authority from Lessing or the borough, Rice endorsed the checks "Dickson City Boro. by Geo. H. Rice, attorney for Boro. of Dickson City. Geo. H. Rice," and had them cashed, or deposited to his credit, at the Merchants & Mechanics Bank of Scranton. No objection was ever made by Helriegel to this payment; but soon thereafter Spruks made claim

against the bank for the amount of the checks, and in April, 1914, nearly six years later, this action was brought by Lessing, who first informed the bank of his interest in the checks in March, 1914. He admittedly gave nothing for them.

The learned court below affirmed the plaintiff's requests for conclusions of law above mentioned and filed the following additional conclusions:

"1—The controlling question is that of the borough's legal rights in the subject matter.

"2—Both in delivering the checks to and in taking them back from the borough secretary Rice was acting as Lessing's agent or attorney.

"3—There is no evidence in the case to trace the checks to the possession of the borough or to show that it ever.claimed to have either interest in or possession of them. At best it shows temporary custody in the borough secretary. ...... There was nothing in that incident to make the borough a holder in due course or otherwise.

"4—In the absence of anything to connect the borough with any claim on the checks or the proceeds thereof, either at the date of suit brought or at any other time before or since, no action could at any time have been maintained at the suit of the borough on its own account; therefore there can be no recovery in this proceeding in its name for the use and benefit of Lessing."

The lower court's findings of fact and conclusions of law covered other matters not necessary to be referred to here, for the case really depends on the correctness of the court's ruling on two points as above stated, viz., (1) that Rice acted as agent or attorney for Lessing; (2) that the Borough of Dickson City had no beneficial interest in the checks and could not have maintained an action upon them on its own account.

(1)  Appellant insists that as Rice was the borough

solicitor, he was necessarily acting in this matter as the agent or attorney of the borough and not of Lessing; but this by no means follows. The mere fact that the borough council had elected him borough solicitor did not constitute him the general agent or representative of the borough in all matters affecting it, but only for such as the borough solicitor was officially authorized to act on its behalf. It nowhere appears in the evidence that the borough authorities had constituted the solicitor its agent or representative for the purpose of receiving bids for constructing sewers and the accompanying certified checks required by the advertised proposals. If not, he was not authorized by the borough to accept the bids, and their accompanying security, on its behalf; and it follows that if not acting for the borough he must have been acting in behalf of Lessing. If Lessing invested him with an authority not conferred on him by the borough, he must be deemed as respects that transaction, the former's and not the latter's agent. If I give money to a bank's janitor, or even attorney, to deposit to my account, and he converts it to his own use, although he was the agent of the bank for a limited purpose, he was not its agent to accept a deposit, and must be considered as acting for me in that respect. It is in this sense that we understand the learned court below to hold that Rice was acting on Lessing's behalf; not that Lessing had specially employed him to act as his attorney.

(2)  The Negotiable Instruments Act of 1901, P. L. 196, provides that certification of a check by the bank on which it is drawn is equivalent to acceptance (sec. 187); and when such certification is procured by the holder, the drawer and all indorsers are discharged from liability thereon (sec. 188); that unless and until it accepts or certifies the check the bank is not liable to the holder (sec. 189). The appellant contends that the effect of such certification by the bank was to

charge the amount of the certified checks against the drawer's account and open a deposit for that amount in favor of the payee, but this is not strictly the case. It is true that the amount so certified is withdrawn from the depositor's account just "as if the money had been paid over the counter," (Cent. Guarantee Trust & S. D. Co. v. White, 206 Pa. 611, 614), but the amount so withdrawn is not deposited to the credit of the payee of the check, but "to the credit of the check" itself, (Girard Bank v. Bank of Penn Twp., 39 Pa. 92, 99), payable to its lawful holder. Usually the distinction is not important for the certification is generally obtained by the payee, who is the holder at the time; but when, as here, the payee is not and never was the holder in due course, it is of significance.

In the present case Spruks, the owner and holder, inserted the name of Dickson City Borough as the payee in the checks and had them certified, with the effect above stated. But the borough was not thereby constituted the holder of the checks nor entitled to their proceeds. Its interest in the checks would only arise if and when the bids which they were intended to accompany were accepted by the borough, and only then to the extent of securing the execution of the contract by the successful contractor and the furnishing by him of a proper bond to assure performance of the contract. Until then the possession of the checks by its agent, the secretary of councils, was only for safe keeping, without any beneficial ownership of the checks passing to the borough. Section 16 of the Negotiable Instruments Act, supra, provides that "every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto." By the delivery of the checks to the secretary of the councils, through Rice, it was not intended to pass title or ownership of them to the borough but only their temporary custody until it should be determined whether the bids which ac-

companied them were successful, and then they only became security for the execution—not the performance—of the contract by the successful bidder and his furnishing the bond for the faithful performance of the work required by the contract. As soon as the borough authorities directed the return of the bids, its right to even this temporary custody ceased and the checks were returned through the same channel they had been received. It is clear that from first to last the borough had no title, ownership or property in the checks such as could have sustained an action upon them by it and the learned court below was correct in so ruling. As the appellant had expressly grounded his right to recover on the beneficial title or ownership of the borough to the checks, he cannot complain of the effect of such ruling.

It is not necessary to discuss the assignments of error seriatim. They are all overruled. The judgment is affirmed.

Porter, P. J. and Henderson, J., dissent.