# Hays & Wick *against* Lynn.

A party who wishes to avail himself of the acts of an agent must, in order to charge the principal, prove the authority under which the agent acted.

An agent specially employed to receive the amount of an account or take a note for it has no authority to dispose of the note when taken : he cannot depart from his authority.

ERROR to the common pleas of *Crawford* county.

Hays & Wick against Joseph Lynn.   Appeal from the judgment of a justice.

The defendant owed the plaintiffs a note for 11 dollars upon which a receipt was indorsed for 8 dollars 12½ cents; and he also owed them an account of 30 dollars 35 cents.   On the 19th of February 1834, the plaintiffs, living in Mercer county, wrote a note for the amount of the account payable to Hays & Wick or order, leaving the time of payment blank, and put it into the hands of Loutzenhizer with directions to get the defendant to sign it.   The blank was filled up with thirty days, and the defendant signed the note and handed it to Loutzenhizer.   A few days after Loutzenhizer returned with one Craig to the defendant, and Craig purchased a horse from Lynn the defendant, and having obtained the note which Loutzenhizer had taken, he bartered it to Lynn for a horse.

[Hays & Wick v. Lynn.]

On the trial of the cause the defendant contended that Loutzenhizer and Craig were agents of the plaintiffs and that their acts and declarations were binding upon them.   But there was no proof at all in the cause that Craig had any agency whatever; and that of Loutzenhizer was confined to the receiving of the amount of the account or taking a note for it.   During the progress of the cause the defendant offered to give evidence of the declarations of Craig and Loutzenhizer that they were agents of the plaintiffs for the purchase of horses.   The defendant objected to the evidence until the agency was proved; but the court overruled the objections and sealed a bill of exceptions.

The court referred it to the jury to determine whether Craig and Loutzenhizer were agents of the plaintiffs, and said that if they believed they were and that the defendant tendered to the plaintiffs 2 dollars $87\frac{1}{2}$ cents, the balance of the small note, when the suit was brought before the justice, they might find that sum for the plaintiffs.   Verdict for the plaintiffs for 2 dollars $87\frac{1}{2}$ cents, upon which the court entered judgment without costs.

*Church* and *Pearson*, for plaintiffs in error, cited *Paley on Agency* 206, 243, 235; 2 *Stark.* 34; 1 *Term Rep.* 62.

*Derrickson*, for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—A party who avails himself of the act of an agent must, in order to charge the principal, prove the authority under which the agent acted.   The burthen of the proof lies on him to establish the agency and the extent of it.   So the admissions of agents concerning the transactions in which they are employed are, for many purposes, equivalent to the acknowledgement of the employer himself.   But before such admissions or declarations can be given in evidence the fact of agency must be proved.   Now, what evidence was given that Craig was an agent of the plaintiffs?   Such an agency is not pretended; for the allegation is, that Loutzenhizer, and not Craig, was the agent: and yet the court admitted the declarations of Craig as well as Loutzenhizer to charge the plaintiffs. This was clearly erroneous, and would, of itself, be enough to reverse the judgment.

But this is not all.   The jury, under the direction of the court and with their sanction, allow the defendant, as a set off, or as a payment of the note, the price of a horse which, from the evidence, it is indisputable was sold to Craig.   It must be remarked, that it is not even pretended that the plaintiffs ever gave any person authority to use their property in the note, which was payable to order, for any such purpose.   The most that can be collected from their letter to the defendant is, that they were desirous of purchasing horses for themselves; but there is no intimation of any agency being granted

to any person, much less of such an authority as is now contended for on the part of the defendant. If Lyman had been deceived, he might with some reason have complained of Craig and Loutzenhizer; but he was not misinformed by them, for he knew perfectly well the horse was not purchased for the plaintiffs. Indeed it appears that it was at his own suggestion the note was given in payment for the horse sold to Craig. To enable the defendant to lift his note in this way would sanction a fraud. If either of the parties are to sustain a loss, it is but just it should fall on the defendant. But the authority given to Loutzenhizer was special. It extended merely to a power to receive the amount in money, or a note payable at a future day previously drawn and payable to order. An agent specially employed to receive payment in money cannot vary from his authority by receiving a bill. 2 *Lord Raym.* 930; 2 *Salk.* 442. And even a general agent cannot, without particular authority, commute the payment by receiving another thing, as a horse, &c. in discharge of the debt. *Doctor and Student* 286. It is very true that if the article is delivered over to the principal, and he agrees to it, it will bind him. But this is not pretended. On the whole facts, as they appear in the case, I am constrained to say, that I have seldom seen a defence which has less to recommend it, either on the score of justice or law.

Judgment reversed, and a *venire de novo* awarded.