## Lewis *v.* Matias et ux., Appellants.

Argued March 19, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Joseph W. Nelson,* for appellants.

*Louis J. Wiesen,* for appellee, cited; Cavanaugh v. Buehler, 120 Pa. 441; Ludwig v. Gorsuch, 154 Pa. 413; Hays & Wick v. Lynn, 7 Watts, 525; Browne v. Hoekstra, 279 Pa. 418; Mynick v. Bickings, 30 Pa. Superior Ct. 401.

OPINION BY MR. JUSTICE WALLING, May 12, 1930:

In the summer of 1925, the plaintiff, D. J. Lewis, owned a small farm near Sharon, which he placed in the hands of C. S. Quick for sale at the price of $5,500, for which the latter was to receive a five per cent commission and whatever he might secure in excess of the $5,500. Quick negotiated a sale of the property to the defendants, Joe and Pauline Matias for $6,500, and, without plaintiff's knowledge, took in his own name in part payment eight lots, located at Farrell, at a valuation of $2,175. Plaintiff executed a deed for his property on August 21, 1925, at which time defendants gave him as part payment a judgment bond and mortgage on the premises for $3,250, payable in ninety days. Plaintiff retained possession of his deed to the defend-

ants, together with the bond and mortgage, until November 16, 1925. Meantime, defendants had given him $1,075 to apply on the consideration, aside from the bond and mortgage. On the day last mentioned plaintiff handed the deed to Quick taking his receipt therefor, with the understanding that he was to deliver the deed to the defendants, who resided in Westmoreland County, and return in two days with the balance of the consideration. Quick delivered the deed and absconded, taking with him the money he had received from the defendants; this included the balance of the consideration and $2,400, which the defendants had paid him from time to time on the mortgage debt. Plaintiff entered judgment on the bond and in answer to an execution thereon defendants set up the payments to Quick and, on their application, the judgment was opened. At the trial the jury allowed the $2,400 paid Quick, but later the trial court entered judgment for the plaintiff non obstante veredicto for the full amount of the debt and defendants have appealed.

The sole question presented here is, Was the evidence sufficient to support the finding that Quick was plaintiff's agent for the collection of the mortgage debt? The trial court properly found that it was not. He who would charge the principal with the act of the agent must prove the latter's authority to do the act in question: Peters v. Alter, 89 Pa. Superior Ct. 34, and cases there cited. There was no general agency in the instant case. It was a single transaction. Quick was clothed with authority to sell the land, but that gave him no right to collect a mortgage given in part payment therefor. There was here no course of dealing such as in Colonial Tr. Co. v. Davis et ux., 274 Pa. 363, was held sufficient to raise a presumption of the agent's authority to collect the principal debt.

True, on November 16, when plaintiff handed Quick the deed he authorized him to collect the balance of the purchase money, but that did not include the bond

and mortgage which plaintiff retained and which were not due. Had Quick been in possession of the bond and mortgage so he could have shown them to the defendants it would have afforded some proof (although standing alone not sufficient: Browne et al. v. Hoekstra, 279 Pa. 418, 424) of his right to collect the same. See Mynick v. Bickings, 30 Pa. Superior Ct. 401. A mortgagor before making payment to a pretended agent should ascertain the latter's authority by inquiry of the mortgagee or by the production of a power of attorney from him. See cases last above cited. Where, as here, a mortgage had been received in part payment, an authority to deliver the deed and collect the unsecured balance of the purchase price did not carry with it the right to collect the mortgage. It is not unlike the case of authority to collect interest which does not include the right to collect the principal debt. See Williams v. Cook, 289 Pa. 207. The acts of a special agent outside of his authority of course do not bind the principal: Ludwig & Son v. Gorsuch, 154 Pa. 413; Cavanaugh v. Buehler, 120 Pa. 441; Hays & Wick v. Lynn, 7 Watts 524.

This is a hard case; defendants acting in good faith made payments to Quick to apply on the mortgage debt before they got the deed; none of which plaintiff received. That the latter made information charging Quick with the embezzlement of $1,400 and upwards of his moneys proves nothing, as there was approximately that amount due him on the balance of the purchase money, aside from the mortgage debt. Plaintiff's testimony, that he had no knowledge of any payments having been made to Quick to apply on the mortgage debt until sometime after he had made the information, was uncontradicted. Hence, making the information could not have been a ratification thereof. As plaintiff had not clothed Quick with apparent authority to collect the mortgage debt, the rule that where one of

two innocent parties must suffer he whose act has caused the loss must bear it, cannot help the defendants.

The judgment is affirmed.