Evans *v.* Ruth, Appellant

Argued October 11, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. I. Simon,* with him *John J. Kennedy,* for appellant.

*John S. Van Kirk,* for appellees.

OPINION BY BALDRIGE, J., November 17, 1937:
James S. Evans brought an action in assumpsit against

Homer Ruth, trading as the Ruth Lumber and Supply Company, to recover $131.11 alleged to be due for hauling stone under an oral contract. It was agreed upon the record at the time of the trial that the disposition of this case shall govern four other actions against the defendant, brought by Roy W. Stafford, Fred M. Schwartz, W. M. Keown, and A. M. Kaldusan.

It appears from the evidence that in the fall of 1933, Ruth was awarded by the State Department of Property and Supplies two purchase orders under which he was to furnish crushed stone to certain state highways being constructed. Evans, having learned that there was work to be obtained at Bradford Woods stone quarry, applied there to an unidentified foreman, and was employed to haul stone. In answer to his inquiries, Evans was told that the Ruth Lumber and Supply Company of Scottdale had charge of the work and that he would be paid 40 cents per ton. Each load of stone was weighed and slips bearing the name of the Ruth Lumber Company, admittedly furnished by Ruth, were made out, in triplicate, containing the weight and other necessary data. Ruth acknowledged that one of these slips was then given to him, one was delivered to the State Highway Department, and the third was retained by Evans.

From October 30th to November 23, 1933, the plaintiff hauled stone, and it is conceded that there was due him the sum for which he sued.

On December 5th, after the work was completed, the plaintiff, together with four or five other truckers, went to Ruth's place of business in Scottdale and presented him with their bills. After examining these accounts, Ruth said: "Well, I see you finished the work for me ......If you will have a sworn affidavit to that statement, I will pay you. I have the money right in the safe there." Ruth was furnished this affidavit, but Evans was not paid. Later, at a squire's office in Warrendale, Ruth offered to pay, and did pay, 53 per cent of the claims

to some of the claimants, but Evans refused to accept that proposition.

Ruth denied any liability to Evans, alleging that he had never entered into a contract of employment with him. He offered in evidence a written contract between himself and George Darr, sub-letting all the work allotted to him under the purchase orders to Darr as an independent contractor. He stated that he, personally, was never on the job, or had anything to do with it, other than to furnish two trucks on one occasion to hasten delivery of the stone. Darr testified to the existence of the contract, that he had two foremen on the job who kept the records, and that he was in complete control of the work. There was no evidence that Evans knew or had any way of knowing that Darr had this subcontract. Darr got into financial difficulty and whatever money may have been due him from Ruth was attached by one of Darr's creditors.

The plaintiff obtained a judgment. This appeal followed.

The plaintiff relied primarily upon an oral contract with an agent, subsequently ratified by the principal. Affirming agency, the burden rested upon him to prove it: *Lewis v. Matias et ux.*, 300 Pa. 238, 150 A. 636. The agency could not be established by the declaration of the agent alone: *Lawall v. Groman*, 180 Pa. 532, 37 A. 98; *Yubas Ex. v. Makransky*, 300 Pa. 507, 150 A. 900; *Van Pelt v. Spotz*, 92 Pa. Superior Ct. 213. If plaintiff's case depended solely on the statements of the unidentified foreman, admitted in evidence without objection, the position of the appellant that the agent's authority was not shown would be well taken. But the proof that Ruth furnished the weigh slips and received a copy after each load of stone hauled by the plaintiff had been weighed, which was the basis upon which Ruth was paid by the state, and Ruth's failure to disavow the contract, instead of affirming it by stating that the work was done

for him and that he would pay for it provided an affidavit was furnished, were sufficient for the jury's consideration.

It is a well-recognized rule of law that, if A assumes to act for B without precedent authority, and B subsequently affirms A's act, it is a ratification which relates back and supplies original authority for the act. B is bound then to the same extent as if previous authority had been granted A: 21 R. C. L. p. 919, §99.

Ruth could have previously authorized the plaintiff's employment, and it follows that he could subsequently ratify it. "Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him:" Restatement, Agency §82, p. 197. "Affirmance is a manifestation of an election by the one on whose account an unauthorized act has been performed to treat the act as authorized, or conduct by him justifiable only if there is such an election": Restatement, Agency §83, p. 198. Our own cases are in accord with this pronouncement of the law: *Palmer v. General Flooring & Mfg. Co.,* 62 Pa. Superior Ct. 598; *Bell et al. v. Scranton Trust Co.,* 282 Pa. 562, 128 A. 494.

The verbal agreement of Ruth to pay Evans did not fail for consideration, as appellant argues, as ratification does not require a new consideration: *Garrett v. Gonter,* 42 Pa. 143. The proof of the written contract Ruth had with Darr was evidence entitled to a careful consideration by the jury. In an impartial and entirely adequate charge, to which no exceptions were taken, that important factor in defendant's case was specifically referred to, as well as the burden that was on the plaintiff to establish by the fair weight of the evidence the essential facts upon which he relied.

We find no error in this record.

Judgment in each of the five appeals is affirmed.