Renfro et al. *v.* Smith, Appellant.

Argued March 16, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, RHODES, and HIRT, JJ.

*John A. Hoober,* for appellant.

*McClean Stock,* for appellee.

OPINION BY PARKER, J., June 26, 1939:

In this action in assumpsit the plaintiffs have a judgment after the verdict of a jury and the defendant has appealed to this court complaining of the refusal of his motion for judgment n. o. v. Each of the parties withdrew a motion for a new trial.

We will review the evidence in accordance with the established principle that the evidence must be viewed in a light most favorable to the plaintiffs who have the benefit of a verdict of a jury. Defendant, a cigar manufacturer, employed one F. Llano to sell his product in Texas. On January 23, 1936, Llano accepted a written order directed to his principal from the plaintiffs, trading as Renfro Drug Company for 10,000 "Green Hat

Panatellas" at $26.50 per thousand with discounts for prompt payment. The order contained a clause in the hand writing of Llano as follows: "Guarantee Sale on Original Order." It was not disputed that this provision had a meaning in the trade to the effect that the seller would accept the return of and give credit for any cigars that the purchasers could not sell after a reasonable effort. Llano in place of forwarding the order to his principal telegraphed him as follows: "Rush fifteen thousand Green Hats five thousand Garcias Simon Candy Co. Southwestern Drug Dallas Ten thousand Green Hats same amount Fort-Worth Branch stop Renfro Drug Co Ft Worth ten thousand Green Hats have guaranteed them well made heads Connecticut Wrappers light selections stop paste our offer sticker all boxes sure." The goods were delivered and the plaintiffs by a mistake of a bookkeeper paid the defendant in full for the cigars on March 30, 1936. In May the plaintiffs notified the defendant that they had still on hand 6,000 of the cigars and were unable to sell them and offered to return those unsold on receiving shipping directions. No answer having been received the purchasers notified the seller again on October 3, 1936 to the same effect. There was evidence as to the efforts made to sell the product all tending to show a reasonable effort upon the part of the purchasers to promote the sale of the cigars and their inability to find a market. The pleadings established the fact that the defendant refused to accept a return of the goods. The sole defense set forth in the pleadings and at trial was that the agent, Llano, had no authority to make a sale on the conditions alleged by the plaintiffs. Such being the state of the pleadings and the proofs at the close of the trial, the trial judge submitted to the jury in his charge the question as to whether Llano had authority to contract for the sale of cigars on the terms of the order given. That question was submitted to the jury

and they found for the plaintiffs in the sum of $18.09. Defendant has appealed.

Such being the issue, the only question involved here is whether there was sufficient evidence to support the verdict. The plaintiffs took the deposition of Llano who testified not only that the contract had been made as claimed by plaintiffs, but that he had full authority from the defendant "to make agreements with buyers covering the terms of sales thereof," and that the Roy R. Smith Cigar Company agreed to accept such orders taken by him as its agent.

While the declarations out of court of an agent are not proof of his authority, such authority may be established by his testimony in the case: *Wesley v. Rhodes,* 113 Pa. Superior Ct. 409, 413, 173 A. 443; *Humphrey v. Brown,* 291 Pa. 53, 59, 139 A. 606; *Hileman v. Falck,* 263 Pa. 351, 106 A. 633. While the defendant denied that the agent had such authority as he claimed, it was for the jury to determine the conflict in the testimony.

As to the contention that where one makes payment with full knowledge or means of knowledge of all the facts, without any fraud having been practiced upon him, he cannot recover it back by reason of the payment having been made in ignorance of the law (*Gould v. McFall,* 118 Pa. 455, 457, 12 A. 336), it is only necessary to say that when the payment was made the plaintiffs had not completed their efforts to make sale of the goods. The learned judge of the court below in his opinion filed correctly stated that the sole question raised at the time of trial was whether Llano had authority to make the contract which he did and that the plaintiffs were not attempting to recover for money paid under a mistake of fact, but on an alleged breach of contract in that defendant refused to accept the return of the unsold cigars.

The judgment is affirmed.