Wahl *v.* State Workmen's Insurance Fund et al., Appellants.

Argued December 18, 1939.

Before KELLER, P. J.,

CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*S. H. Torchia,* with him *Ralph H. Behney* and *Claude T. Reno,* Attorney General, for appellants.

*Benjamin H. Hellman,* with him *William A. Hammeke* and *Gustave F. Straub,* for appellee.

OPINION BY CUNNINGHAM, J., March 2, 1940:

In this workmen's compensation case an award of compensation for partial disability was made by the referee, and affirmed by the board, to Karl Wahl who was accidentally injured on June 24, 1937, during the course of his employment with Abe Rouman, trading as Aro Provision Company, and engaged in the meat packing business.

The merits of the award are not involved in this appeal. The controversy with which we are now concerned arose out of the contention by the alleged insurance carrier, State Workmen's Insurance Fund, that its policy issued June 30, 1936, to the employer for a term of one year from that date had been cancelled prior to the accident.

Under the evidence the issue whether or not the policy had been cancelled became largely one of fact for determination by the compensation authorities. They made findings to the effect that the policy was in force on June 24, 1937, and entered the award against the State

Fund as well as the employer. From this action the State Fund alone appealed to the common pleas upon the ground that the findings of the referee, affirmed by the board, were not supported by competent evidence; that tribunal dismissed the exceptions and appeal of the State Fund and entered judgment upon the award as made by the compensation authorities; this appeal by the State Workmen's Insurance Fund followed.

It is not controverted that the policy was issued June 30, 1936, and the premium, based upon the employer's estimated payroll, paid, or that the insurance would ordinarily have remained in force for six days after the date of the accident. Appellant undertook to show the policy had been cancelled at the request of the employer. The findings of the referee are not as specific as they should have been, but are to the effect that although the employer did request on January 7, 1937, that the policy be cancelled and the unearned portion of the premium refunded, that request was withdrawn on February 25, 1937, before appellant had taken any action thereon, and appellant was directed to, and did, continue the policy in full force until its original expiration date.

Reference to some undisputed facts will clarify the issue. Samuel Flomen, an insurance broker who had looked after the employer's compensation insurance for several years, placed the present policy. Early in January, 1937, the employer had made arrangements to sell out his business. On the 7th of that month Flomen wrote appellant to the effect that his principal, the employer, was going out of business and therefore desired to cancel the policy and requested an audit of his payroll so that the amount of the unearned premium might be ascertained. Three days later appellant wrote the employer, stating: "We are in receipt of a letter from Mr. Samuel Flomen advising us that your compensation policy is to be cancelled. However, we cannot accept his letter as legal notice to cancel your policy

and we will ask you to advise us to that effect over your own signature."

On February 23, 1937, appellant again wrote the insured employer for written authority to cancel the policy, saying, inter alia, "We cannot definitely settle this matter until we have your reply." No written authority was ever given appellant by the employer to cancel, but he admitted having verbally confirmed his broker's notice of January 7th.

In the meanwhile the proposed sale of the employer's business fell through and he decided to carry it on himself in a smaller way and with a reduced payroll.

There was practically uncontroverted testimony from which the referee could find that on February 25, 1937, while Flomen was in the employer's office the latter asked him to call appellant's Philadelphia office for the purpose of advising appellant that he was going on with his business and arranging for the continuance of the insurance. Flomen called the office on the employer's telephone and asked for Mr. McDonough, the local soliciting agent. Some other man answered and said McDonough was not there but the speaker would take "whatever information was necessary." Flomen then put the employer on the telephone to talk to the person who had answered from appellant's office. The employer testified he was handed the telephone by Flomen, talked to the party at the other end about the situation, and asked, "Couldn't the policy become like it was before," to which the other party replied, "All right, we will take care of it." The manager of the Philadelphia office stated his office had no record of the call, but admitted it might have been made.

Appellant contends the testimony relative to this telephone conversation was not admissible because the person answering at appellant's number was not sufficiently identified or shown to have authority to bind it.

Both parties rely on *Smithers et al. v. Light,* 305 Pa. 141, 157 A. 489, as controlling. We think an analysis

of that case shows it is distinguishable and really supports the employer's contention. There, our Supreme Court, in the course of its opinion, thus stated the exception which seems to be applicable here:

"The rule requiring the identity of the speaker to be established is subject to a well recognized exception to the effect that, where the witness called the office of a party on the telephone, testimony as to a conversation had with a person answering the telephone and purporting to do so on behalf of the party is competent, although the witness did not recognize the voice of the person who spoke." Citing 22 C. J. 193.

See also *Penna. Trust Co. v. Ghriest,* 86 Pa. Superior Ct. 71, 74, and cases there cited. Compare 105 A. L. R. 326-340.

At this point the real issue in this case arises. Appellant having issued a policy covering the date in question, had the burden of proof as to cancellation. "The burden of proving that there has been a cancellation of a policy rests on the party asserting it": 32 Corpus Juris, p. 1262, Sec. 458. It undertook to meet that burden by producing from its files and offering in evidence a carbon copy of a letter reading:

"March 18, 1937

Mr. Abe Rouman
324 N. Randolph Street,
Philadelphia, Pa.

Re: Policy 117458

Dear Sir:

We are advised by one of our Field Solicitors that you requested him to cancel your compensation policy, that you had retired from business and you desired your payroll audited.

The audit of your payroll will follow the cancellation of your policy; should it develop an unearned premium credit, it will be requisitioned for a refund.

Our representative states your home address is 5767 No. 17th Street. Shall we consider this your permanent

mailing address for future correspondence? Please advise at once.

Your compensation policy has been cancelled.

Yours truly,
State Workmen's Insurance Fund
W. A. McCrea
Chief Underwriter

HEM:ABB
F-March 29th."

The admission of the carbon copy was objected to by counsel for the employer and the demand made that the writer be produced as a witness. The objection was overruled and the carbon copy admitted without any proof that the original letter had been duly mailed to or received by the employer.

"Copies of letters, the originals of which are not shown to have been received by or to have been mailed to the parties to whom they were written and addressed, are but ex parte declarations, and inadmissible in evidence": *Huckestein v. Kelly & Jones Co.*, 139 Pa. 201, 21 A. 78.

The carbon copy of the letter of March 18th was clearly inadmissible as proof that the employer had been notified by appellant that "his policy [had] been cancelled."

Moreover, in this case the employer positively denied that the original had ever been received by him.

Witnesses for appellant testified an audit of the employer's payroll was made in April, 1937, but no premium adjustment notice was sent him until after the expiration date of the policy, nor was any return premium sent him until October 25, 1937,—a date subsequent to the filing of the employee's claim petition.

In the meanwhile a new policy had been issued by appellant to the employer for the year beginning July 17, 1937.

We are unable to find any competent evidence upon this record that appellant ever notified its insured em-

ployer his policy had been cancelled. As the competent evidence supports the conclusion of the compensation authorities that the policy was in force at the date of the accident, appellant's assignment of error must be overruled.

Judgment affirmed.