Midland Credit Company, Appellant, v. White.

Argued November 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Samuel M. Rosenzweig,* with him *Kooser, Courtney & Ogle,* for appellant.

*Archibald M. Matthews,* for appellee.

OPINION BY ROSS, J., April 15, 1954:

In this replevin action, the contest is between the owner, as assignee of a bailment lease of an automobile, and a garageman who claims a lien upon it for repairs and storage.

On October 22, 1951, one White leased the automobile involved in this case from a dealer, Crawford, who on the same day assigned the lease to appellant,

Midland Credit Company. Under the terms of the lease, White was to make payment of the balance due on the purchase price of the car in monthly installments. In addition, the lease provided against the creation by White of any liens, encumbrances or charges on the automobile for repairs or otherwise. In February 1952 White was involved in an accident on the Pennsylvania Turnpike and the car was removed to the garage of appellee, J. E. Herring, trading as Herring Motor Company, in Somerset, for repairs. White became delinquent on his March 22, 1952 payment, and on May 10, 1952 appellant caused a writ of replevin with bond to issue against him, joining appellee as additional defendant. No counter-bond was filed and appellant obtained possession of the automobile. Appellee filed an answer. Appellant then moved for judgment on the pleadings, to which appellee filed an amended answer, and the motion was refused by the Court of Common Pleas of Somerset County on the ground that issues of fact relating to appellant's knowledge of and assent to the repairs had been raised which required determination by jury. The jury returned a verdict for Herring in the amount of $632.50, and after Midland's motions for a new trial and judgment n.o.v. were refused by the court below, this appeal was taken.

It is well settled that the appellant, as owner, is not liable to the appellee for repairs to the automobile unless authorized by it expressly or under circumstances from which its assent can be reasonably implied. *Meyers v. Bratespiece,* 174 Pa. 119, 34 A. 551; *Bankers' Commercial Security Co. v. Brennan & Levy,* 75 Pa. Superior Ct. 199.

At the trial appellee testified that the car was brought to his garage at the time of the "first snow" of 1951; that White appeared three or four weeks later and inquired whether the insurance adjuster had been out to see it and appellee told him he had not been;

that about a month after the accident he gave an estimate of the cost of repairs to one Gastell, an insurance adjuster, who stated that "he represented the Finance Company, Midland Credit Company", and directed him to proceed with the repairs; that after the work was in progress he received a telephone call from Midland Credit Company inquiring as to the status of the repairs; that he did not recognize the voice but assumed since the caller "knew enough of the description of the car" that he was authorized by appellant, so did not telephone back to verify it. Testimony relative to the receipt of a similar telephone call was given by Guy Spangler, appellee's employe, who also testified that he did not know "who it was" that made the call.

The appellant moved to strike from the record the testimony relative to Gastell's authority to represent the appellant and also the testimony relative to the telephone calls. The motion was refused on the ground that the "weight of that testimony" was for the jury. The sole issue in this appeal is whether this testimony was competent. In our opinion, it was incompetent and consequently the judgment of the lower court must be reversed because without this testimony there is nothing in the record to sustain a finding that the appellant "assented" to the repairs or authorized them.

Appellant contends that no proof was adduced of the existence of an agency relationship between it and Gastell other than Gastell's statement, and that appellee's testimony to that effect should have been stricken. There is merit in this contention. Agency is not established by the mere statement of an alleged agent to a third person that he represents a named principal, and in the absence of circumstances from which such relationship may be inferred by the party to whom the statement is made, the latter cannot, on the basis of the naked averment, hold the "principal" legally liable. *Restatement, Agency,* sec. 8 and sec. 284 et seq. In

short, declarations out of court of an agent are not proof of his authority. *Renfro v. Smith,* 135 Pa. Superior Ct. 578, 7 A. 2d 7; *Yubas, Exrx. v. Makransky,* 300 Pa. 507, 150 A. 900; *Evans v. Ruth,* 129 Pa. Superior Ct. 192, 195 A. 163. Of course, such authority may be established by his sworn testimony on the witness stand (*Stern v. Dekelbaum,* 153 Pa. Superior Ct. 452, 34 A. 2d 272), but in the present case appellee did not call Gastell as a witness. Since the case must be retried the issue of agency could be settled by Gastell's testimony, but the present record does not resolve this material issue.

Evidence otherwise relevant and competent is not rendered inadmissible because it relates to telephone conversations, as long as there is identification of the person at the other end of the line. *Penna. Trust Co. v. Ghriest,* 86 Pa. Superior Ct. 71; *Scott v. Gill,* 89 Pa. Superior Ct. 508. This principle of identification is subject to the exception that where a witness called the office of a party on the telephone testimony as to a conversation had with a person answering the telephone is competent although the witness did not recognize the voice of the person with whom he was talking. *Wahl v. State Workmen's Ins. Fund,* 139 Pa. Superior Ct. 53, 11 A. 2d 496; *Harris v. Meyers,* 160 Pa. Superior Ct. 607, 52 A. 2d 375. Here, it will be recalled, the appellee and his employe were the recipients of the telephone calls. The general rule applicable to such situation is set forth in *Burton v. Pacific Mut. Life Ins. Co.,* 368 Pa. 613, 84 A. 2d 310, where, at page 617, the Supreme Court, speaking through Mr. Chief Justice DREW, stated: "It is now well settled that the recipient of a telephone call may not testify as to the conversation unless the voice of the caller can be identified: Smithers v. Light, 305 Pa. 141, 157 A. 489."

Appellant contends that there was error in the admission in evidence of testimony about the telephone

calls because appellee and his employe admitted that they were unable to identify the voice personally and there is in the record no evidence that would otherwise establish identification. There is merit in this contention.

To support his contention that the testimony relative to the telephone conversations was admissible, appellee relies upon *Reach v. National Bedding Co.*, 276 Pa. 467, 120 A. 471, and *Com. v. Prezioso*, 157 Pa. Superior Ct. 80, 41 A. 2d 350, but those cases are clearly distinguishable from the one now before us.

In the *Reach* case, although no objection to the evidence was raised on the ground of lack of identification, the Supreme Court stated, at page 471: "It may, however, not be amiss to point out, that telephone conversations with unidentified persons have been received in evidence, where circumstances following the conversation indicate that the person who spoke was speaking with authority: 22 Corpus Juris 193; 1 Ruling Case Law 477". In that case, the telephone conversation was followed by the shipping by the one initiating the call of the material that had been the subject matter of the conversation. Here there is no such circumstance of action on the part of the one allegedly initiating the call. In the *Prezioso* case, the objection to the evidence was raised not by the initiator of the call but by the recipient, the call having been received at the latter's house during the progress of a raid. The personal identity of the one making the call was not important. Unlike the present situation, the ultimate fact there was not the liability of the unidentified caller. Rather, the nature of the call, taken with other circumstances, tended to implicate the intended recipient of the call with the crime for which he was being tried.

Appellee's testimony in this case failed to prove identification of appellant as the party on the other end of the line and since there are no circumstances

to take it out of the general rule, its admission in evidence was error.

Appellant's motion for judgment n.o.v. was properly refused by the court below. "In entering judgment n.o.v., . . . the judgment must be entered upon the evidence in the record in the court below as it stood at the close of the trial. Neither the trial court nor the appellate courts can eliminate evidence which was improperly admitted . . ." *Donegal Twp. School Dist. v. Crosby,* 171 Pa. Superior Ct. 372, 376, 90 A. 2d 341.

Judgment is reversed and a new trial awarded.