In re RADWIN TRANSFER OF PENN-SYLVANIA, INC., A Pennsylvania Corporation, Debtor.

ASSOCIATES COMMERCIAL CORP., Plaintiff,

v.

BERGEY'S GMC, INC., Defendant.

Bankruptcy No. 81–00615G.
Adv. No. 82–0082G.

United States Bankruptcy Court,
E. D. Pennsylvania.

April 2, 1982.

---

William A. Harvey, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for plaintiff, Associates Commercial Corp.

Edwin S. Moore, III, Thistle, Moore, Rosser & Tull, Philadelphia, Pa., for defendant, Bergey's GMC, Inc.

Walter B. Dunsmore, Lansdale, Pa., for debtor, Radwin Transfer of Pennsylvania, Inc.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether a garageman's lien for repairs to the debtor's tractor takes priority over a prior perfected security interest in that tractor. We are compelled by Pennsylvania case law on this issue to answer that question in the negative because the garageman failed to obtain the consent of the security interest holder prior to making the repairs on the tractor.

The facts of the instant case are not in dispute.[1] On February 20, 1981, Radwin Transfer of Pennsylvania, Inc. ("the debtor") filed a petition for a reorganization under chapter 11 of the Bankruptcy Code ("the Code"). On May 20, 1981, Associates Commercial Corporation ("Associates") filed a complaint for relief from the automatic stay against the debtor. In settlement of that adversary proceeding, the debtor and Associates entered into two stipulations whereby the debtor acknowledged the va-

lidity of Associates' security interest in five vehicles and agreed to return those vehicles to Associates. One of those vehicles was a 1975 GMC tractor which was in the possession of Bergey's GMC, Inc. ("Bergey's"). That vehicle had been taken to Bergey's for repairs by the debtor in July, 1981,[2] and Bergey's had made repairs to that tractor in excess of $5,000.00 with the consent of the debtor but without the consent of Associates. When Associates demanded the return of that vehicle pursuant to its stipulations with the debtor, Bergey's refused to release the vehicle until it had been paid for the repairs which it had made to it. As a result, Associates filed the instant complaint against Bergey's seeking a turnover of the vehicle.

Bergey's conceded that Associates had a perfected security interest in the tractor prior to the time that Bergey's made the repairs and that Bergey's did not obtain the permission of Associates before making those repairs. However, Bergey's asserted, in defense of the instant complaint, that it has a garageman's lien on the truck for the repairs it made which lien takes priority over the security interest of Associates.[3] In support of its contention, Bergey's cites § 9–310 of the Pennsylvania Uniform Commercial Code which provides:

> When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, *a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest* unless the lien is statutory and the statute expressly provides otherwise.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The tractor was taken to Bergey's for repairs after the debtor had filed its petition under chapter 11 and after Associates had filed its complaint but before the debtor had stipulated to return the five vehicles.

3. In its answer, Bergey's also questioned the jurisdiction of the bankruptcy court to decide a

dispute which does not involve the debtor but only two of its creditors. We conclude that the instant complaint, which involves determining the respective lien status of two of the creditors of the debtor, falls within our jurisdiction pursuant to 28 U.S.C. § 1471(b) which provides that bankruptcy courts have "jurisdiction of all civil proceedings *arising under title 11 or arising in or related to cases under title 11*." (Emphasis added).

Pa.Con.Stat.Ann. tit. 13, § 9–310 (Purdon) (emphasis added). Bergey's further cites Pennsylvania case law for the proposition that one who provides services or repairs for an automobile has a lien for those services as long as the vehicle remains in its possession. *See, e.g., Philadelphia National Bank v. K. & G. Speed Associates*, 43 Pa.D. & C.2d 241 (1967); *First National Bank v. Vargo Motor Company*, 43 Pa.D. & C.2d 698 (1966). However, in order to obtain such a lien on a vehicle for repairs to it, the garageman must establish that the repairs were made at the request of or with the consent of the owner of the vehicle. *See, e.g., Meyers v. Bratespiece*, 174 Pa. 119, 34 A. 551 (1896); *Apartment Owners and Managers, Etc. v. Brown*, 252 Pa.Super. 539, 382 A.2d 473 (1977); *Midland Credit Co. v. White, et al.*, 175 Pa.Super. 314, 104 A.2d 350 (1954).

At the trial herein, Associates stated that it agreed with the above summary of Pennsylvania law on the garageman's lien but asserted that a recent decision of the Supreme Court of Pennsylvania has extended the requirement that the garageman obtain the consent of the owner to require that he also obtain the consent of the holder of any security interest in the vehicle before making any repairs to that vehicle. *Associates Financial Services Co. v. O'Dell*, 491 Pa. 1, 417 A.2d 604 (1980).

In *O'Dell*, the Supreme Court of Pennsylvania held that a garage owner (Turley) who had incurred expenses of $2,772.00 for towing and storing a truck at the owner's request did not have a possessory garageman's lien with priority over the holder of a prior security interest in that truck because he had not obtained the consent of the holder of the security interest in the truck before incurring those expenses. In so holding, the Supreme Court stated:

There is nothing in this record to suggest that Associates expressly consented to appellant Turley's towing and storage services. So too, nothing in the circumstances of this case suggests implied consent on the part of Associates. Associ-

ates obtained a security interest on the tractor to protect its loan from other creditors of the O'Dells, as well as from default by the O'Dells. Surely such circumstances do not support a conclusion that Associates authorized the O'Dells to encumber Associates' secured interest. Rather, they suggest that Associates intended that the O'Dells personally incur the expenses necessary to the maintenance of the tractor and thereby allow Associates to retain its security unencumbered. Additionally, at the time Turley entered the contract with the O'Dells, the disabled tractor did not pose a threat to the public welfare and Turley had ample opportunity to check the financial status of the tractor and arrange an appropriate method of payment. Appellant Turley is therefore not entitled to a possessory lien on the tractor.

417 A.2d at 606–07 (footnotes omitted).

We agree with Associates that the case before us cannot be factually distinguished from the *O'Dell* case. In the instant case Bergey's made repairs to the tractor at the request of the debtor but failed to obtain the consent of Associates which had a security interest in the tractor. Consequently, we are compelled to conclude that Bergey's does not have a possessory garageman's lien that is entitled to priority over Associates' security interest.

Bergey's asserts, however, that the instant case is distinguishable from the *O'Dell* case because in case at bar Associates has only a security interest in the vehicle, while in *O'Dell*, the secured party was the assignee of both a security agreement and an installment sales contract. We conclude that such a distinction is not meaningful. The court in *O'Dell* did not state that a garageman had only to obtain the consent of the holder of an installment sales contract but rather held that a garageman must obtain the consent of the holder of a security interest.[4] Furthermore, as pointed out by the excellent dissent in *O'Dell*, when a party attempts to retain title under an

---

4. *Associates Financial Services Co. v. O'Dell*, 491 Pa. 1, 417 A.2d 604 (1980).

installment sales contract, Pennsylvania law operates to reduce that purported reservation of title to a mere security interest.[5] Therefore, we conclude that, under *O'Dell*, Bergey's was required to obtain Associates' permission for the repairs to the tractor before it could obtain a garageman's lien which is superior to Associates' security interest.

Bergey's asserts further, however, that the *O'Dell* case "is not well reasoned and should be distinguished out of existence." [6] Even if we were to agree that the rationale of *O'Dell's* majority is faulty, we would be bound by it because, when analyzing property interests, we are bound by the majority opinion of the state's highest tribunal (with which we may not agree) rather than with the minority opinion (with which we may agree). *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *Lewis v. Manufacturers National Bank*, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961). Under Pennsylvania law, an opinion joined by fewer than a majority of the justices on the Commonwealth's Supreme Court is not binding or controlling precedent. *Mt. Lebanon v. County Board of Elections*, 470 Pa. 317, 368 A.2d 648 (1977); *Bata v. Central-Penn Bank*, 448 Pa. 355, 373, 293 A.2d 343, 353 (1972), *cert. denied*, 410 U.S. 960, 93 S.Ct. 1417, 35 L.Ed.2d 695 (1973); *Commonwealth v. Silverman*, 442 Pa. 211, 218 n.8, 275 A.2d 308, 312 n.8 (1971), *cert. denied*, 405 U.S. 1064, 92 S.Ct. 1490, 31 L.Ed.2d 794 (1972); *Commonwealth v. Little*, 432 Pa. 256, 260–61, 248 A.2d 32, 35 (1968). Applying the principle to the case before us, the Pennsylvania Supreme Court has held that an opinion of "less than a majority of the Court . . . must be treated only as an expression of the views of a minority of the court." *Greiner v. Volkswagenwerk Aktiengeselleschaft*, 540 F.2d 85, 91 (3d Cir. 1976); *see also, Bair v. American Motors Corp.*, 535 F.2d 249, 250 (3d Cir. 1976) (per

curiam). Consequently, like it or not, agree with it or not, we are bound by the holding of the majority of the Supreme Court of Pennsylvania that a garageman is not entitled to a lien with priority over a prior perfected security interest unless he obtained the consent of the holder of that security interest before servicing or repairing the vehicle. We, therefore, conclude that Bergey's does not have a lien which is superior to Associates' security interest and we will, consequently, direct Bergey's to turn over the tractor to Associates.

---

**5.** Section 1 201(37) of the Pennsylvania Uniform Commercial Code provides, in relevant part:

The retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer (Section 2–401) is limit-

ed in effect to a reservation of a "security interest."
Pa.Con.Stat.Ann. tit. 13, § 1201(37) (Purdon).

**6.** *See* letter of March 19, 1982, from Bergey's counsel to the court.