## American Bank & Trust Co. v. R. G. Rutherford Contractors

*Clemson N. Page, Jr.,* for plaintiff.
*Robert A. Goodwin,* for defendant.

BORTNER, *J.,* June 18, 1984—In this action for replevin and in assumpsit, defendant Logan has submitted a motion to dismiss under local Rule *266 pursuant to our suggestion at a brief hearing on March 20, 1984. We deny that motion and set forth our reasons in this opinion.

This action is brought by American Bank & Trust Co. for possession of a 1981 Chevrolet El Camino valued at about $4,200 from defendant Logan. It is undisputed that American Bank & Trust Co. has a security interest in the El Camino which was transferred to it by Fred Beans Ford, Inc. Fred Beans Ford had sold the El Camino to defendant Rutherford, who is now insolvent. The certificate of title indicates that American Bank is first lienholder in the amount of $12,634.08 as of May 21, 1981.

On January 15, 1982, the El Camino was involved in an accident. At Rutherford's request, defendant Thomas Logan towed the El Camino to his shop and did $685 worth of repairs, but Rutherford could not pay this bill. In July of 1982, Logan contacted plaintiff and asked for compensation from plaintiff for his towing, repair and storage expenses. In September of 1982, Logan informed plaintiff that his expenses totalled $3,971.50. Plaintiff made no response to these requests.

In March of 1983, Logan received notice that Rutherford had filed a Chapter 11 bankruptcy petition, so did nothing more about collecting the expenses until after he was notified the bankruptcy

action had been dismissed. Then, on July 7, 1983, Logan filed a complaint against Rutherford for these expenses and received default judgment on December 22, 1983 in the amount of $10,418.25.[1]

On February 8, 1984, Logan notified plaintiff by letter that he intended to sell the vehicle pursuant to the judgment. In response, plaintiff filed this action on February 29, 1984 and the vehicle was sold March 13, 1984 to Logan, although title has not been transferred with the Department of Motor Vehicles of this Commonwealth.

Logan argues the complaint should be dismissed because under 13 Pa.C.S. §9504, Logan's purchase of the vehicle on March 13, 1984 discharged plaintiff's lien on the automobile and therefore plaintiff has no claim to assert in this cause of action. We disagree.

Section 9504(d) provides that the purchase of disposed collateral discharges the security interest it is sold to satisfy and any "interest or lien subordinate thereto." Logan argues American's lien is *subordinate* (Emphasis added.) to his repairman's lien under 13 Pa.C.S. §9310 which provides:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."

---

1. The expenses were broken down as follows:

| | |
|---|---|
| Repair | $ 685.00 |
| Storage | 9,619.50 |
| Interest | 68.50 |
| Costs | 45.25 |

However, this rule that for services furnished a priority arises, is only invoked where the person providing services obtains the consent of the security interest holder prior to making the repairs. Associates Financial Serv. Co. v. O'Dell, 491 Pa. 1, 417 A.2d 604 (1980); In re Radwin Transfer of Pennsylvania, Inc., 19 B.R. 6 (1982).

Logan concedes that expressed consent was not given but argues that plaintiff's "consent" was obtained by virtue of its failure to respond to Logan's requests for payment made in July and September of 1982.

The consent required for the exercise of priority under section 9310 need not be expressed, but may be found "under circumstances from which [the secured interest holder's] assent can be reasonably implied." Associates Financial Serv. Co. v. O'Dell, supra, 491 Pa. at 5. We refuse to find implied consent exists where there is no response to Logan's request for two reasons. First, Logan obtained possession of the car, repaired it and stored it for some seven months before contacting plaintiff at all. These substantial expenses were done without even plaintiff's prior knowledge let alone consent. Second, to hold plaintiff responsible simply because it was silent in the face of Logan's demand goes beyond our sense of justice. We view this situation as analogous to the "acceptance by silence" doctrine in contract law that silence will not constitute acceptance of an offer unless there is a duty to speak. Solis-Cohen v. Phoenix Mut. Life Ins. Co., 413 Pa. 633, 198 A.2d 554 (1964); Chorba v. Davlisa Enterprises, Inc., 303 Pa. Super. 497, 450 A.2d 36 (1982). We find no duty existed here, as plaintiff rightly viewed itself as first lien holder of property primarily the responsibility of Rutherford.

Thus, because plaintiff gave no consent, whether expressed or implied, to Logan's repairs, Logan may not avail himself of the priority status conferred by section 9310, and, therefore, American is not subordinate under section 9504, the ultimate result being that American's lien is not wiped out by virtue of Logan's sale and purchase.[2]

For the above reasons, we enter the following

## ORDER

And now, this June 18, 1984, the matter having been submitted to the court for disposition under Rule *266 and upon consideration of the pleadings and legal memoranda of the parties, defendant Logan's motion to dismiss is hereby denied and dismissed.

---

2. In addition to having no priority status under Section 9310, we find Logan's assertion that his repairman's lien should have priority under common law is also unpersuasive. Logan cites cases as authority for his position (regardless of whether consent was given) which do not support it. Aid Investment & Discount, Inc. v. McNiff, 70 D.&C. 71 (1949), found a mechanic's lien to have priority over an Ohio security interest because the latter was from out-of-state. In Midland Credit Co. v. White, 175 Pa. Super. 314, 104 A.2d 350 (1954), there was testimony to the effect that consent was given. Finally, Younger v. Plunkett, 395 F. Supp. 702 (E.D., Pa. 1975) did not involve two competing creditors but merely discussed the constitutionality of mechanic's liens on automobiles.