# Morgan v. PNC Bank

568

*Wieslaw T. Niemoczynski,* for plaintiffs.
*Michael J. Donohue* and *Maureen Kelly,* for defendant.

CHESLOCK, *J.,* January 29, 1997—Plaintiffs commenced this action on March 22, 1994 by filing a complaint against defendant seeking damages under the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq., for misleading lending practices. On April 20, 1994, defendant filed preliminary objections to plaintiffs' complaint. On June 23, 1994, this court issued an order granting defendant's preliminary objection and dismissing the complaint.

On July 13, 1994, plaintiffs filed an amended complaint against defendant. Defendant responded on August 4, 1994, by again filing preliminary objections to plaintiffs' amended complaint. On November 16, 1994, this court issued an order denying all of defendant's preliminary objections except that as to plaintiffs' claim under 73 P.S. §201-2(4)(xvii), which was dismissed. Defendant then filed an answer and new matter to amended complaint on December 14, 1994. On January 3, 1995, plaintiffs filed a reply to new matter.

On June 7, 1995, defendant filed a notice of deposition. Plaintiffs then filed a motion to compel answers to request for production of documents on June 21, 1995. Whereupon, this court issued a rule upon defendant to show cause why the complete answers to plaintiffs' request for production had not been provided, returnable to the prothonotary on or before July 10, 1995. Defendant responded on July 7, 1995 by filing its answer to plaintiffs' motion to compel answers to requests for production of documents.

Thereafter, on November 20, 1996, defendant filed a motion for summary judgment, brief in support of motion for summary judgment, and praecipe for argument. The transcripts from the depositions of Ronald and Marsha Morgan were also filed on that date. Plaintiffs then filed their answer to defendant's motion for summary judgment on December 19, 1996, and a brief in opposition to defendant's motion for summary judgment on December 20, 1996. This court heard oral arguments on January 6, 1997, and we are now ready to dispose of defendant's motion for summary judgment.

The matter with which we are herein concerned involves the purchase of an undeveloped lot in Towamensing Trails by plaintiffs from Shaddai Land Corporation/Showcase Homes for the sum of $50,000. Plaintiffs purchased the lot in question from one Mr. Mudrick, a sales agent employed by Shaddai Land Corporation. In the process of completing the sale, Mr. Mudrick allegedly collected financial information from plaintiffs which he then submitted to defendant bank for approval of a mortgage. Upon receiving the financial information collected by Mr. Mudrick, defendant bank approved the mortgage of $45,000 and sent a payment

book to plaintiffs. Plaintiffs made payments for a few months, but then decided to try and refinance. When plaintiffs approached another bank, they learned that the property was worth far less than what they had paid for it—*i.e.* it was worth only $7,500. Whereupon, plaintiffs instituted the present action against defendant bank under the Unfair Trade Practices and Consumer Protection Act, which defendant bank now asks this court to dismiss.

The law applicable to summary judgments is set forth in Rule 1035 of the Pennsylvania Rules of Civil Procedure. Rule 1035 states in pertinent part:

"(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. *The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.* A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages." Pa.R.C.P. no. 1035, 42 Pa.C.S. (emphasis added)

Additionally, "[t]he entire record is to be examined in the light most favorable to the party opposing the motion, and all doubts concerning the existence of a genuine issue of fact must be resolved in that party's favor." *Mattia v. Employers Mutual Companies,* 294 Pa. Super. 577, 579, 440 A.2d 616, 617 (1982), citing *Bowman v. Sears, Roebuck & Co.,* 245 Pa. Super. 530, 369 A.2d 754 (1976). Furthermore, "[a] fact is material if it directly affects the disposition of a case." *Allen*

*v. Colautti,* 53 Pa. Commw. 392, 398, 417 A.2d 1303, 1307 (1980), citing *Windber Area Authority v. Rullo,* 36 Pa. Commw. 131, 136, 387 A.2d 967, 970 (1978).

With these standards in mind, we turn now to defendant's motion for summary judgment. In support of its motion for summary judgment, defendant asserts that: (a) the Unfair Trade Practices and Consumer Protection Law only applies to cases of malfeasance—*i.e.* the improper performance of a contractual obligation; (b) the purpose of the UTCPCL is to prevent fraud; and (c) defendant bank committed no fraud in failing to perform an appraisal of the land as it assumed no contractual duty to perform such appraisal. Additionally, defendant argues that there is no evidence to support the assertion that Mr. Mudrick, the salesman from Shaddai Land Corporation who sold the undeveloped lot in Towamensing Trails to plaintiffs, was an agent of defendant bank or that he had apparent authority to act on behalf of defendant bank. Wherefore, defendant contends that plaintiffs' complaint should be dismissed.

To the contrary, plaintiffs argue that: (a) Mr. Mudrick had authority to act for defendant bank in arranging the mortgage and making representations about the mortgage; (b) defendant bank ratified the acts of Mr. Mudrick in his dealings with plaintiffs by accepting the benefit of those dealings; and (c) the loan practices used were deceptive.

Upon review of the file in this case, including plaintiffs' depositions and defendant's answers to plaintiffs' discovery requests, we find that genuine issues of material fact exist regarding (1) the credibility of the witnesses; (2) whether or not Mr. Mudrick was an agent

of defendant bank; and (3) whether or not defendant bank engaged in any unfair and deceptive practices.

First, we note that the credibility of the witnesses is to be judged by the trier of fact. Thus, this court cannot grant summary judgment based on the oral testimony of the parties. See *RTC v. Urban Redevelopment Authority,* 536 Pa. 219, 638 A.2d 972 (1994), in which the Pennsylvania Supreme Court said:

"In determining the existence or non-existence of a genuine issue of material fact, courts are bound to adhere to the rule of *Nanty-Glo Borough v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932), which holds that a court may not summarily enter a judgment where the evidence depends upon oral testimony. *Penn Center House Inc. v. Hoffman,* 520 Pa. at 176, 553 A.2d at 903." *Id.* at 24, 638 A.2d at 974.

Presently, most of the evidence presented has been through the oral depositions of the plaintiffs, Mr. and Mrs. Morgan. Within her deposition, Mrs. Morgan evades the question as to whether Mr. Mudrick told her that he worked for defendant bank. See transcript of deposition of Marsha Morgan, pp. 11-12. She also evaded the question as to whether or not Mr. Mudrick told her that the bank had done an appraisal. *Id.* at pp. 20-22. Furthermore, Mrs. Morgan testified that: (a) she had bought and sold several properties in the past in which she had to deal directly with the bank; (b) she did not believe the land to be worth $50,000; and (c) she did not remember reading any of the papers that she signed. *Id.* at pp. 9-10, 18-19 and 29-31. Thus, there is a genuine issue of material fact as to Mrs. Morgan's credibility.

Likewise, Mr. Morgan testified that he did not recall reading the papers before signing them. See transcript of deposition of Ronald Morgan at pp. 14, 19 and 22-23.

He also was unclear as to whether or not Mr. Mudrick said he worked for defendant bank. *Id.* at pp. 15-17 and 20-21. Mr. Morgan further testified that Mr. Mudrick told him and his wife that the lot was worth $50,000, but he did not say whether or not it had been appraised before they bought it. *Id.* at pp. 27 and 34-35. Additionally, Mr. Morgan testified that no one from defendant bank ever told him that an appraisal would be performed. *Id.* at pp. 32-33. Rather, he said that he and his wife "assumed" that defendant bank would do an appraisal. *Id.* at p. 35. Thus, there is also a question as to Mr. Morgan's credibility.

Second, Pennsylvania courts have held that whether or not an agency relationship exists is a question of fact to be decided by the jury, unless the facts giving rise to the relationship are undisputed. See *Breslin by Breslin v. Ridarelli,* 308 Pa. Super. 179, 184, 454 A.2d 80, 82-83 (1982); *Bolus v. United Penn Bank,* 363 Pa. Super. 247, 258, 525 A.2d 1215, 1221 (1987), *alloc. denied,* 518 Pa. 627, 541 A.2d 1138 (1988); *Levy v. First Pennsylvania Bank N.A.,* 338 Pa. Super. 73, 487 A.2d 857 (1985); and *Constitution Bank v. DiMarco,* 836 F. Supp. 304 (E.D. Pa. 1993). Additionally, Pennsylvania courts have held that the nature and extent of the agency relationship should be decided by the trier of fact. See *Turner Hydraulics Inc. v. Susquehanna Construction Corp.,* 414 Pa. Super. 130, 136, 606 A.2d 532, 534-35 (1992); and *Joyner v. Harleysville Insurance Co.,* 393 Pa. Super. 386, 393, 574 A.2d 664, 668 (1990), *appeal denied,* 527 Pa. 587, 588 A.2d 510 (1991). However, in *Midland Credit Co. v. White,* 175 Pa. Super. 314, 317, 104 A.2d 350, 352 (1953), the Pennsylvania Superior Court held that the mere statements of an agent to a third party that he represents a named principal does not establish an agency. Rather,

circumstances must exist from which such relationship may be inferred by the party to whom the statement is made in order to hold the principal legally liable. In other words, "the trier of fact is to evaluate the conduct of the parties in light of all the circumstances in determining the existence of apparent authority. *Turner Hydraulics Inc. supra.*

In the instant case, plaintiffs concede that they never had any direct contact with defendant bank and that defendant bank never told them that Mr. Mudrick was its agent. However, they contend that Mr. Mudrick was either an express agent or apparent agent of the bank as he had all of the paperwork necessary for the mortgage, collected all of the financial information, submitted the financial information to the bank, and informed them that the mortgage had been approved. As we are not the trier of fact, we cannot decide whether or not these circumstances together with Mr. Mudrick's alleged statement that he'd "handle everything with the bank" give rise to an agency relationship. Such determination of fact is for the jury to decide. Therefore, because a genuine issue of material fact exists as to whether or not Mr. Mudrick was an agent of defendant bank, the motion for summary judgment must be denied.

Finally, plaintiffs argue that defendant bank is guilty of deceptive practices as it provided credit to plaintiffs through Shaddai Land Corporation in furtherance of a scheme to overcharge customers for land in Towamensing Trails without first appraising the property to see if it was worth the amount of money they were lending. In support of this argument, plaintiffs cite the case of *In re Stewart,* 93 B.R. 878, 884 (Bkrtcy. E.D. Pa. 1988), in which it was held that a finance company was as guilty as the seller in violating the Goods and Services Installment Sales Act (69 P.S. §1101 et seq.),

the Truth in Lending Act (15 U.S.C. §1601 et seq.), and the Unfair and Deceptive Acts and Practices Law (73 P.S. §201-1 et seq.), where "[w]ere it not for the 'hear no evil, see no evil' attitude of the finance company, which supplied forms and, in one sense, provided credit directly to the debtor through mere medium of seller as its agent, the scheme of the seller [to charge more than double the retail price of the items] could not have been successfully financed."

Some of the facts in the present case support plaintiffs' argument. As in *Stewart,* it can be found that had defendant bank not provided the forms and the credit to plaintiff-borrowers through the mere medium of the seller (Mr. Mudrick/Shaddai Land Corporation/Showcase Homes) as agent, the scheme of the seller to charge more than six times the actual value for the property could not have been successfully financed.

On the other hand, defendant bank argues that it in no way deceived plaintiffs into believing that it would do an appraisal. Defendant bank contends that it was under no contractual duty to perform an appraisal, as such agreement was never made between it and plaintiffs. Whereupon, defendant bank maintains that a fiduciary duty cannot be imposed on the bank such that an appraisal should have been done to protect the interests of plaintiffs.

In support of this contention, defendant cites the case of *Paradise Hotel Corp. v. Bank of Nova Scotia,* 842 F.2d 47, 53 (3d Cir. 1988), for the proposition that creditor-debtor relationships rarely are found to give rise to a fiduciary duty. Defendant bank further states that it would ordinarily "be anomalous to require a lender to act as a fiduciary for interest on the opposite side of the negotiating table." *Id.* Lastly, defendant bank alleges that "there is no support in the law for plaintiff's

implied assertion that banks, in the absence of some private agreement between the parties, have a duty to be real estate advisors or investment counselors to borrowers. Banks are lenders, no more, no less. Simply put, if the cost of the land was a concern for plaintiffs, it was their duty and theirs alone, to investigate the appropriateness of the $50,000 selling price." (See defendant's brief in support of motion for summary judgment.)

There is evidence to support defendant bank's position. In their depositions, plaintiffs gave contradictory evidence as to whether or not Mr. Mudrick told them that the bank would perform an appraisal of the property. Plaintiffs also stated that they did not believe the property to be worth $50,000. Furthermore, plaintiffs by their own admission had been involved in many land transactions. And, in all of said transactions they had been in direct contact with the bank to obtain a mortgage. Plaintiffs stated that they questioned whether or not they should have been in contact with the bank. But, instead of further investigating the price of the land and whether or not they needed to talk to the bank, they merely relied on the statements of Mr. Mudrick.

As there is evidence to support both the argument of the plaintiffs and the argument of defendant bank, a genuine issue of material fact exists as to whether or not defendant bank committed any deceptive practices. Wherefore, defendant's motion for summary judgment must be denied.

Accordingly, we enter the following order:

## ORDER

And now, January 29, 1997, defendant's motion for summary judgment is hereby denied.